SCHOTT, Chief Judge.
Defendant was convicted of second degree murder and sentenced to life imprisonment. The victim was shot to death on the morning of November 26, 1986, in front of 7804 Spruce Street. After the police interviewed members of the victim’s family the defendant became a suspect.
On December 3, 1986, Officer Lubrano went to 7804 Spruce Street where the Brin-son family resided. He interviewed Glen Brinson and showed him an array of photographs. Glen picked defendant’s picture from the lineup identifying him as the man he ■ saw arguing with the victim a short time before the shooting.
On December 5, Officer Pierce interviewed Glen’s father, Ike, and showed him another array of photographs from which Ike identified the defendant as the man he saw shoot the victim. On the day of the crime, Ike had gone outside to start his wife’s automobile when he saw defendant talking to the victim. She asked Ike if she could use his phone, he told her to go into *486 the house, and defendant shot her repeatedly.
By his first assignment of error, defendant argues that he was denied the right to pursue the defense of insanity at the time of the commission of the crime. Several weeks before trial defendant moved for the appointment of a sanity commission. The motion and the order appointing the commission called for a determination of defendant’s condition both at the time of the commission of the crime and at trial time. At the hearing on the report made by the members of the commission, Dr. Cox testified that defendant was competent to stand trial but he stated that he had not formed an opinion “yet” about defendant’s insanity at the time of the offense. When defendant attempted to pursue this issue, the court would not allow it.
The case was tried on defendant’s plea of not guilty. He did not plead not guilty by reason of insanity. Consequently, evidence of insanity at the time of the offense was not admissible. C.Cr.P. art. 651. However, defendant claims that the state waived its objection to the admissibility of such evidence when he was granted the appointment of the sanity commission to determine his mental condition both at the time of the trial as well as the time of the offense. He argues that the effect of this order was to clear the way for a defense of insanity and to preclude the state from objecting to evidence of his insanity at the time of the offense irrespective of his failure to plead not guilty by reason of insanity.
Defendant finds support for this argument in some of the court’s language in State v. Chinn, 229 La. 984, 87 So.2d 315 (1956). In this case, as here, the defendant did not plead not guilty by reason of insanity but he obtained a pre-trial order appointing a sanity commission to investigate his sanity not only at trial time but also at the time of the offense. In rejecting the state’s argument that this order was improvident and that the defense of insanity was not properly before the court, the Supreme Court stated at, 87 So.2d page 325:
“However, as the State did not object to the judge’s order or the commission’s report conformable therewith, either at the sanity hearing or at the trial, it would ’seem that it has waived its right to contest it at this later date....”
However, while defendant relies on this language he fails to consider the continuation of the quotation:
“... and, since the insanity at the time of the commission of the offense was subsequently pleaded and became the main defense at the trial, it effected a cure of any - irregularity theretofore existing in this order.”
Thus, the Chinn case is clearly distinguishable from the present case. There the state failed to object to testimony at the sanity commission about the defendant’s mental condition at the time of the offense; here the state did object and defendant was not permitted to pursue the issue. But, more importantly, in Chinn, by the time of the trial defendant had entered the plea of not guilty by reason of insanity, which the present defendant never did. Therefore, this assignment has no merit.
Defendant’s present counsel would have us entertain his contention that defendant’s right to effective assistance of counsel was violated because his trial counsel did not properly raise the issue of insanity. However, since there is nothing in the record bearing on the issue of defendant’s sanity at the time of the offense we are not in a position to consider this claim. Defendant may pursue this matter in a motion for post conviction relief which would enable the trial court to conduct an evidentiary proceeding on the question of trial counsel’s effectiveness.
By his other assignments, defendant contends the identification of the defendant by Glen and Ike Brinson was suggestive and unreliable. Defendant had the burden of proving that the identification was suggestive and that there was a likelihood of misidentification from the procedure. State v. Prudholm, 446 So.2d 729 (La.1984). Defendant produced no evidence of such. He makes no suggestion *487 that the separate photographic arrays highlighted defendant in any way. He merely speculates that because Glen picked defendant’s picture on December 3 from one array he must have influenced his father to pick defendant from another array two days later. No evidence supports this argument.
As in the Prudholm case we must apply the five factors enunciated in Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977) to determine whether the identification was reliable. These factors are the witness’ opportunity to view the defendant when the crime took place; the degree of attention paid by the witness at the time; the accuracy of any prior description; the level of the witness’s certainty at the time of the identification; and the length of time between the crime and the identification. The record demonstrates that both Brinsons had ample opportunity to view defendant just before and during the crime, they paid close attention to him, there were absolutely certain that he was the man when shown his photograph among others, and just a few days passed between the commission of the crime and the identifications. The third factor is irrelevant because the Brinsons had given no prior descriptions to the police leading to defendant’s arrest. Defendant’s argument that the Brinsons’ failure to come forward before the police came to them makes their identification of defendant unreliable is not persuasive.
We have examined the record for errors patent and find none. Accordingly the conviction and sentence are affirmed.
AFFIRMED.