LKLEES, Chief Judge.
On February 5, 1987, the defendant was indicted for second degree murder. On June 24, 1987, a jury found him guilty as charged. The trial court subsequently sentenced him to life imprisonment without benefits. On appeal, this court affirmed his conviction and sentence. State v. Ketchens, 552 So.2d 485 (La.App. 4 Cir.1989)[1]. The defendant filed an application for post conviction relief which was denied by the trial court in 1992. In 1996, the court denied a second application for post conviction relief, and on review this court affirmed, noting that the application was untimely as per La.C.Cr.P. art. 930.8. State v. Ketchens, 96-2115 (La.App. 4 Cir. 10/17/96).
In 1997, the defendant filed another application for post conviction relief wherein he raised a Cage claim. The trial court denied this application on March 24, 1997. However, in April, 1999, the defendant reurged his Cage claim based upon rulings from the U.S. Eastern District and the U.S. Fifth Circuit. The trial court granted his application on September 24, 1999. The State now comes before this court seeking relief from this ruling. There is *329 no indication in the application of a trial date.
1 ¿FACTS
The facts of the case were stated in our original opinion and will not be recounted here. State v. Ketchens, 552 So.2d 485 (La.App. 4th Cir.1989).
DISCUSSION
The trial court granted the defendant’s application based upon its finding that Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), dealing with an improper jury instruction on reasonable doubt, was a new rule of law and thus could be retroactively applied to cases whose appeals were final when Cage was decided. The court based its reasoning on Humphrey v. Cain, 138 F.3d 552 (5 Cir.1998)(en banc)[2], where the court found Cage could be retroactively applied. The trial court found that the application was not barred by art. 930.8 because the decision in Cain fell within exception (2) to art. 930.8: “The claim asserted in the petition is based upon a final ruling of an appellate court establishing a theretofore unknovm interpretation of constitutional law and petitioner establishes that this interpretation is retroactively applicable to his case, and the petition is filed within one year of the finality of such ruling.” In addition, the trial court found that the lack of a contemporaneous objection to the reasonable doubt charge did not defeat the defendant’s claim, citing an unpublished opinion in Wilson v. Cain, 97-1551, 1999 WL 670950 (E.D.La.2/18/99). The court then compared the reasonable doubt instruction given in this case to that given in Cage and Humphrey and found that the defendant is entitled to a new trial based upon the instruction.
The judgment rendered by the trial court encompassed not only this case and other cases pending in this court but also cases which were so old that review was ^sought in the Louisiana Supreme Court. Last month, in State v. Penns, 99-2916 (La.12/20/99), — So.2d —, 1999 WL 1297473, the Court rejected the very claims raised by the defendant in this case. In Penns, the Court held that while Humphrey and Wilson are persuasive authority, they are not binding on courts in this state. The Court stated:
In State v. Smith, 91-0749, p. 13 (La.5/23/94), 637 So.2d 398, 406, cert. denied, 513 U.S. 1045, 115 S.Ct. 641, 130 L.Ed.2d 546 (1994), this court held that in light of Victor v. Nebraska, 511 U.S. 1, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994), a so-called Cage instruction, see Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990)(per curiam), did not require reversal of the defendant’s conviction on grounds that it diluted the state’s burden of proving the accused’s guilt beyond a reasonable doubt in violation of due process guarantees. See also State v. Jarrell, 98-0707 (La.7/2/98), 721 So.2d 898. We have subsequently made clear that the presence of an “articulation” requirement in a Cage instruction, the factor considered decisive by the court of appeals in Humphrey, 120 F.3d at 533, also did not warrant relief. State v. Williams, 96-1023, p. 17 (La.1/21/98), 708 So.2d 703, 718 (“[A]n instruction equating reasonable doubt with ‘a serious doubt for which you could give a good reason’ [is] not constitutionally infirm.”) (citing Smith, 91-0749 at 2, 637 So.2d at 399); see also State v. Brumfield, 96-2667, p. 47 (La.10/28/98), 737 So.2d 660, 684-85 (citing Smith).
Unless and until the United States Supreme Court resolves the status of a Cage/Humphrey instruction after Victor, our decisions in Smith and Williams, as well as our decision in State ex rel. Taylor v. Whitley, 606 So.2d 1292 (La.1992), (Cage not retroactively applicable to final convictions subject only to collateral attack), and not the decision in Humphrey, bind the district courts of this state in reviewing claims that trial *330 judges have read erroneous instructions on reasonable doubt.
State v. Penns, pp. 2-3, — So.2d at —, 1999 WL 1297473.
In a footnote, the Court also rejected the holding of Wilson, finding the contemporaneous objection rule is applicable to jury instruction claims.
[¿Here, as in Penns, the defendant’s application for post conviction relief was barred by art. 930.8 because the holding in Humphrey is not binding in this state. Thus, the trial court erred by even considering the application.[3] Accordingly, we grant the State’s application, reverse the ruling of the trial court, and reinstate the conviction and sentence of defendant, Larry Ketchens.
WRIT GRANTED; TRIAL COURT RULING REVERSED; CONVICTION AND SENTENCE REINSTATED.

. Writ den. 559 So.2d 135 (La.1990); cert. den. Ketchens v. Louisiana, 498 U.S. 986, 111 S.Ct 521, 112 L.Ed.2d 533 (1990).

. Cert. den. 525 U.S. 935, 119 S.Ct. 348 (1998).

. Taylor is not really applicable to this case because the defendant’s conviction in this case was not final until after Cage was decided. The opinion in Cage was rendered on November 13, 1990. Certiorari was denied in the defendant’s case on November 26, 1990.