684 So.2d 349 (1996)
Sidney DELOCH
v.
John P. WHITLEY, Warden.
No. 96-KP-1901.
Supreme Court of Louisiana.
November 22, 1996.
PER CURIAM.
The state seeks review of the judgment in the district court granting the petitioner's application for post-conviction relief and setting aside his 1979 conviction and sentence for aggravated rape in violation of La.R.S. 14:42. The district court ruled that systematic exclusion of African-American grand jurors from the position of grand jury foreperson in Iberville Parish had deprived petitioner of equal protection and required quashing the indictment returned against him on March 19, 1979. We grant the state's application, vacate the judgment of the district court, and reinstate petitioner's conviction and sentence.
We need not decide here whether petitioner's statistics support an inference of discriminatory intent in the selection of grand jury forepersons in Iberville Parish from 1960 to 1980, or whether for purposes of La.C.Cr.P. art. 930.8(A)(1), the data constitute facts "not known to the petitioner or his attorney" before petitioner began investigating the matter in 1994. All equal protection claims arising out of the selection or composition of grand juries in Louisiana remain subject to this state's procedural requirements. Francis v. Henderson, 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976). Counsel must assert the equal protection claim in a pre-trial motion to quash or waive any complaint in that regard. Francis, 425 U.S. at 539-542, 96 S.Ct. at 1710-11; State v. Lee, 340 So.2d 180, 182 (La.1976) (motion to quash is the appropriate vehicle for challenging the validity of a grand jury indictment, composition, or selection process); State v. Dillard, 320 So.2d 116, 120 (La.1975) (failure to file a motion to quash before trial waives any challenge to the grand jury); State v. White, 193 La. 775, 192 So. 345, 348 (1939) (same); cf., Johnson v. Puckett, 929 F.2d 1067, 1069 (5th Cir.1991) ("At his trial, Johnson, a black male, moved to quash the indictment because of racial discrimination in the selection of the grand jury foreman but the motion was denied."); Guice v. Fortenberry, 661 F.2d 496, 501, n. 7 (5th Cir.1981) (same), appeal after remand, 722 F.2d 276 (5th Cir. 1984).
*350 The record on appeal in State v. Deloch, 380 So.2d 67 (La.1980) shows that counsel failed to move to quash the grand jury indictment. Although the Supreme Court did not decide Rose v. Mitchell, 443 U.S. 545, 99 S.Ct. 2993, 61 L.Ed.2d 739 (1979) until months after petitioner's 1979 trial, defense counsel was not thereby precluded from asserting the equal protection claim in a timely motion to quash. Mitchell "assume[d] without deciding that discrimination with regard to the selection of only the foreman requires that a subsequent conviction be set aside, just as if the discrimination proved had tainted the selection of the entire grand jury venire." Id., 443 U.S. at 551, n. 4, 99 S.Ct. at 2998. Critical to the Court's assumption was a "nearly ... century [old] unbroken line of cases ... [holding] that `a criminal conviction of a Negro cannot stand under the Equal Protection Clause of the Fourteenth Amendment if it is based on an indictment of a grand jury from which Negros were excluded by reasons of their race.'" Id., 443 U.S. at 551, 99 S.Ct. at 2997 (quoting Alexander v. Louisiana, 405 U.S. 625, 628, 92 S.Ct. 1221, 1224, 31 L.Ed.2d 536 (1972)). Even if the novelty of a constitutional claim may excuse a procedural default as a matter of state law, as it may occasionally in federal habeas review of final state-court convictions, Reed v. Ross, 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984); cf. Engle v. Isaac, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), petitioner's counsel had available the legal tools for constructing an equal protection argument challenging the selection of grand jury forepersons in Iberville Parish on grounds that "[i]f convictions must be set aside because of taint of the grand jury [no reason exists] to differentiate the result because discrimination affects only the foreman." Guice, 661 F.2d at 499. Counsel's failure to file the motion to quash thereby waived petitioner's present equal protection claim.
JUDGMENT OF THE DISTRICT COURT VACATED; CONVICTION AND SENTENCE REINSTATED.
JOHNSON, J., not on panel.