763 So.2d 1 (1999)
STATE of Louisiana ex rel. Ronald ROPER
v.
N. Burl CAIN.
No. 99 KW 2173.
Court of Appeal of Louisiana, First Circuit.
October 26, 1999.
Rehearing Denied September 6, 2000.
*2 Ronald Roper, relator, pro se.
Doug Moreau, District Attorney, Monisa L. Thompson, Assistant D.A., for respondent State of Louisiana.
BEFORE: GONZALES, FITZSIMMONS, and WEIMER, JJ.
PER CURIAM.
In this writ application, relator argues his second degree murder conviction should be reversed on the ground of discriminatory selection of the grand jury foreman. In an application for postconviction relief filed in the district court, relator argued the foreman of the grand jury which issued the indictment was selected in a discriminatory manner, the process in Louisiana for selecting a grand jury foreman is unconstitutional, and trial counsel was ineffective for not filing a motion to quash. The district court denied the application for the reasons expressed in the commissioner's report.
Relator relies on Campbell v. Louisiana, 523 U.S. 392, 118 S.Ct. 1419, 1424, 140 L.Ed.2d 551 (1998), wherein the United States Supreme Court held that a white defendant, such as relator, has standing to raise an equal protection challenge to discrimination against black persons in the selection of the grand jury foreman (brought on behalf of the excluded grand jurors) and has standing to raise his own due process challenge. The Court also said that, under Louisiana's grand jury selection process (La.Code Crim.P. art. 413(B)), whereby eleven grand jurors are selected by lot but the foreman (who is the twelfth grand juror) is selected by the judge, a claim of discrimination in the selection of the grand jury foreman must be *3 treated as a claim of discrimination in the selection of the grand jury itself. 118 S.Ct. at 1422. As a result, the fact the role of the grand jury foreman is "ministerial" does not defeat a discriminatory selection claim under the version of article 413 which was in effect when relator's grand jury was selected. The test is whether a properly constituted grand jury exists. Cf. Hobby v. United States, 468 U.S. 339, 345-46, 104 S.Ct. 3093, 3097, 82 L.Ed.2d 260 (1984).[1]
Long before Campbell, the right of black defendants to raise this issue was clearly established. In Castaneda v. Partida, 430 U.S. 482, 97 S.Ct. 1272, 51 L.Ed.2d 498 (1977), the U.S. Supreme Court summarized the standards applicable to a claim of racial discrimination in the selection of grand jurors:
Thus, in order to show that an equal protection violation has occurred in the context of grand jury selection, the defendant must show that the procedure employed resulted in substantial underrepresentation of his race or of the identifiable group to which he belongs. The first step is to establish that the group is one that is a recognizable, distinct class, singled out for different treatment under the laws, as written or as applied. Next, the degree of underrepresentation must be proved, by comparing the proportion of the group in the total population to the proportion called to serve as grand jurors, over a significant period of time. This method of proof, sometimes called the "rule of exclusion," has been held to be available as a method of proving discrimination in jury selection against a delineated class. Finally, as noted above, a selection procedure that is susceptible of abuse or is not racially neutral supports the presumption of discrimination raised by the statistical showing. Once the defendant has shown substantial underrepresentation of his group, he has made out a prima facie case of discriminatory purpose, and the burden then shifts to the State to rebut that case.
430 U.S. at 494-95, 97 S.Ct. at 1280 (citations omitted). In Rose v. Mitchell, 443 U.S. 545, 99 S.Ct. 2993, 61 L.Ed.2d 739 (1979), the U.S. Supreme Court applied these same principles to a claim of discrimination in the selection of the grand jury foreman.
To make a prima facie showing of discrimination in the selection of the grand jury foreman, "the defendant must show a disproportion over a significant period of time between the percentage of an identifiable minority in the general venire or grand jury venire, and the percentage of minority forepersons during that time; and that the selection process is susceptible of abuse." State v. Young, 569 So.2d 570, 575 (La.App. 1st Cir.1990), writ denied, 575 So.2d 386 (La.1991). The defendant must demonstrate "that the percentage of minority persons in the general population who are qualified to serve as grand jurors is disproportionate to the actual number of minority grand jury forepersons over a significant period of time...." 569 So.2d at 575 (footnote omitted). If a defendant fails to show either the percentage of minority persons in the general or grand jury venires or the percentage of qualified minority persons in the general population, the defendant has not made the required prima facie showing. See Young, 569 So.2d at 575 n. 10 & 576. See also State v. Guillory, 97-179 (La.App. 3d Cir.3/11/98), 715 So.2d 400, writ denied, 98-0955 (La.10/9/98), 726 So.2d 17.
Discrimination in the selection of grand jurors is a "grave constitutional trespass" and it "undermines the structural integrity of the criminal tribunal itself." Vasquez v. Hillery, 474 U.S. 254, 262 & 263-64, 106 S.Ct. 617, 623, 88 L.Ed.2d 598 *4 (1986). If a defendant proves systematic exclusion of blacks from the grand jury, the remedy is reversal of the conviction. The error is not subject to harmless error review. Vasquez v. Hillery, 474 U.S. at 263-64, 106 S.Ct. at 623. See also Neder v. United States, 527 U.S. 1, 119 S.Ct. 1827, 1833, 144 L.Ed.2d 35 (1999); Rose v. Mitchell, 443 U.S. 545, 99 S.Ct. 2993, 61 L.Ed.2d 739 (1979).
In the response to relator's application for postconviction relief, the state maintained the application should be dismissed because relator failed to include the claims in his earlier application. After complying with the procedural requirements of La.Code Crim.P. art. 930.4(F), the commissioner determined relator inexcusably omitted the claims from his previous application and, thus, the application should be dismissed under La.Code Crim.P. art. 930.4 E, which provides for the dismissal of a successive application for postconviction relief if "it raises a new or different claim that was inexcusably omitted from a prior application." The reasoning of the commissioner was adopted by the district court. In this writ application, relator does not dispute the district court's application of article 930.4 E. We find no error in the court's application of article 930.4 and dismissal of the postconviction application on that ground. Even if relator's claims were not procedurally barred by article 930.4 E, any claim he might have had under Campbell was not preserved for review, as our discussion below indicates.
In response to the application for postconviction relief, the state argued Campbell announced a new rule of law which should not be applied retroactively to this case. Relator's conviction became final about a year before the decision in Campbell. Petitioners whose claims are based on Campbell and whose convictions were final before Campbell was decided are entitled to relief only if Campbell is applied retroactively. The Court in Campbell said it could determine if a white defendant had standing "with relative ease by applying rules established in prior cases." 118 S.Ct. at 1422. One of the prior cases was Powers v. Ohio, 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), wherein the Court determined a white defendant has standing to challenge racial discrimination against black persons in the use of a peremptory challenge (a Batson challenge).
The federal Sixth Circuit has addressed the retroactivity issue. In Coe v. Bell, 161 F.3d 320 (6th Cir.1998) (rehearing and suggestion for rehearing en banc denied 2/23/99), cert. denied, ___ U.S. ___, 120 S.Ct. 110, 145 L.Ed.2d 93 (10/4/99) (No. 98-9606), a male defendant argued he had standing to contest his indictment on the ground the grand jury which indicted him systematically under-represented women. Noting Campbell applied Powers in determining that a white defendant had standing to raise the equal protection claim, and that the principle of third-party standing adopted in Powers represented a new rule, the Sixth Circuit determined the Campbell and Powers principles of third-party standing in grand jury cases are retroactive at least to 1991, when Powers was decided. 161 F.3d at 352-53. Regarding a due process claim which attempts to raise the same issue, the court held that the portion of Campbell regarding standing to raise the due process issue does not apply retroactively to convictions which were final when the decision in Campbell was announced.
The resolution of this writ application is not dependent upon a determination of the retroactivity vel non of due process standing in cases involving final convictions prior to Campbell. The district court in the instant case determined relator's complaint regarding the selection of the grand jury foreman was not preserved for review because relator did not file a pretrial motion to quash. An equal protection claim based upon discriminatory selection of the grand jury foreman is barred if the defendant fails to file a pretrial motion to quash. La.Code Crim.P. arts. 533(1) & 535 D; Deloch v. Whitley, 96-1901 (La.11/22/96), 684 So.2d 349. In *5 State v. Langley, 95-1489 (La.6/19/98), 711 So.2d 651, 675 (on rehearing), the Louisiana Supreme Court (citing Campbell v. Louisiana) remanded a case for an evidentiary hearing on the defendant's allegation that the foreperson of the grand jury was selected in an intentionally discriminatory manner. In doing so, the court indicated the issue had been "properly raised before trial." In this matter presently before the court, unlike the defendants in Campbell and Langley, relator did not preserve the issue for review.
Relator claims his attorney was ineffective for failing to file a motion to quash. A convicted defendant who claims error resulting from counsel's ineffectiveness must establish two separate elements to succeed:
First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, reh'g denied, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984). "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690, 104 S.Ct. at 2066. To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694, 104 S.Ct. at 2068. In making the determination, a court should presume (absent a challenge to the judgment on grounds of evidentiary insufficiency) that the judge or jury acted according to law. 466 U.S. at 694, 104 S.Ct. at 2068. If the substantive issue an attorney failed to raise has no merit, then the claim the attorney was ineffective for failing to raise the issue also has no merit. State v. Williams, 613 So.2d 252, 256-57 (La.App. 1st Cir.1992).
Relator's allegations are insufficient to support a claim of ineffective assistance of counsel. The statistics upon which relator relies do not support a claim of discrimination in the selection of the grand jury foreman. Relator compares the number of blacks selected to serve as foreman with the percentage of black registered voters. Analyzing these same statistics, the commissioner noted that between 1989 to 1994, the percentage of blacks selected to serve as grand jury foreman was just slightly lower, but almost the same, as the ratio in the population at that time. Moreover, relator makes no allegation regarding the percentage of blacks in the general or grand jury venires, or the percentage of qualified blacks in the general population. See Young, 569 So.2d at 576. Therefore, relator's allegations, even if proved, would not establish that counsel's performance was deficient or that the deficient performance prejudiced the defense.
For these reasons, relator's writ application is denied.
NOTES
[1] In the 1999 session of the legislature, article 413(B) was amended to provide that the foreman shall be selected randomly from the impaneled grand jury. 1999 La.Acts No. 984, § 1. The amended version of article 413 does not apply in the instant case.