758 So.2d 776 (1999)
STATE of Louisiana
v.
Esther PENNS.
State of Louisiana
v.
Nelson Davis.
Nos. 99-KP-2916, 99-KP-3282.
Supreme Court of Louisiana.
December 20, 1999.
*777 PER CURIAM.[*]
In these two consolidated applications, we review district court rulings granting relief to inmates who claim that trial judges instructed jurors improperly on the definition of reasonable doubt. Because the district courts erred, we grant the state's applications, set aside the judgments granting respondents post-conviction relief, and reinstate their convictions and sentences.
In 1979, an Orleans Parish jury found respondent Penns guilty of first degree murder and sentenced her to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. This court affirmed. State v. Penns, 407 So.2d 678 (La.1981). In 1998, Penns filed an application for post-conviction relief, which the district court granted, finding that under Humphrey v. Cain, 138 F.3d 552 (5th Cir.1998) (en banc), cert. denied, 525 U.S. 935, 119 S.Ct. 348, 142 L.Ed.2d 287 (1998), the reasonable doubt portion of the jury instruction read at Penns's trial set out an improper standard and so required reversal of her conviction.
Also in 1979, an Orleans Parish jury found respondent Davis guilty of second degree murder. The court sentenced him to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. This court affirmed. State v. Davis, 385 So.2d 193 (La.1980). Apparently in 1999, Davis filed a "Motion for Reconsideration of Judgment Denying Application for Post-Conviction Relief." The district court treated the filing as a new application for post-conviction relief and granted it, finding that under Humphrey the trial judge read an unconstitutional instruction and also finding that under Wilson v. Cain, No. 97-1551 (E.D.La. Feb.18, 1999), rev'd, Wilson v. Cain, 99-30279, 199 F.3d 439 (5th Cir. Oct. 20, 1999), the failure of trial counsel to object did not bar the claim, La.Code Crim. Proc. art. 841 notwithstanding.
The instant state applications followed.
The decision in Humphrey (or Wilson) might constitute persuasive authority but will not bind this Court in our interpretation of what federal constitutional law generally requires. See State v. Sanders, 93-0001, p. 7 (La.11/30/94), 648 So.2d 1272, 1279 ("[L]ower federal court decisions do not bind this court's interpretations of federal constitutional law."); State v. Dees, 252 La. 434, 440, 211 So.2d 318, 324 (1968) ("This Court is not bound by a decision of a United States Court of Appeals."). In State v. Smith, 91-0749, p. 13 (La.5/23/94), 637 So.2d 398, 406, cert. denied, 513 U.S. 1045, 115 S.Ct. 641, 130 L.Ed.2d 546(1994), this court held that in light of Victor v. Nebraska, 511 U.S. 1, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994), a so-called Cage instruction, see Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990) (per curiam), did not require reversal of the defendant's conviction on grounds that it diluted the state's burden of proving the accused's guilt beyond a reasonable doubt in violation of due process guarantees. See also State v. Jarrell, 98-0707 (La.7/2/98), 721 So.2d 898. We have subsequently made clear that the presence of an "articulation" requirement in a Cage instruction, the factor considered decisive by the court of appeals in Humphrey, 120 *778 F.3d at 533, also did not warrant relief. State v. Williams, 96-1023, p. 17 (La.1/21/98), 708 So.2d 703, 718 ("[A]n instruction equating reasonable doubt with `a serious doubt for which you could give a good reason'[is] not constitutionally infirm.") (citing Smith, 91-0749 at 2, 637 So.2d at 399); see also State v. Brumfield, 96-2667, p. 47 (La.10/28/98), 737 So.2d 660, 684-85 (citing Smith).
Unless and until the United States Supreme Court resolves the status of a Cage/Humphrey instruction after Victor, our decisions in Smith and Williams, as well as our decision in State ex rel. Taylor v. Whitley, 606 So.2d 1292 (La.1992) (Cage not retroactively applicable to final convictions subject only to collateral attack), and not the decision in Humphrey, bind the district courts of this state in reviewing claims that trial judges have read erroneous instructions on reasonable doubt. See generally Robert M. Cover and T. Alexander Aleinikoff, Dialectical Federalism: Habeas Corpus and the Court, 86 Yale L.J. 1035, 1046-1054 (1977).
Accordingly, the judgments of the district courts granting post-conviction relief on the basis of the Humphrey decision are set aside, and the convictions and sentences are reinstated.[1]
JOHNSON, J., dissents and assigns reasons.
JOHNSON, J., dissenting.
The reasonable doubt instructions which were given to the juries in these two cases were virtually identical to the instruction which the United States Supreme Court found constitutionally flawed in Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990) (per curiam). In defendant Penns' case, the jury was instructed as follows:
Now if you entertain any reasonable doubt as to any fact or element necessary to constitute the defendant's guilt, it is your sworn duty to give her the benefit of that doubt and return a verdict of acquittal. Even where the evidence demonstrates a probability of guilt, yet if it does not establish it beyond a reasonable doubt, you must acquit the accused. This doubt must be a reasonable one, that is, one founded upon a real, tangible, substantial basis, and not upon a mere doubt as would give rise to grave uncertainty, raised in your minds by reason of the unsatisfactory *779 character of the evidence; one that would make you feel that you had not an abiding conviction to a moral certainty of the defendant's guilt.... A reasonable doubt is not a mere possible doubt. It should be an actual and a substantial doubt. It is such a doubt as a reasonable man would seriously entertain. It is a serious doubt for which you could give good reason.
R. at 184-5 (emphasis added). The reasonable doubt instruction given to the Davis jury mirrored the above instruction.
The majority reached its conclusion by suggesting that Victor v. Nebraska, 511 U.S. 1, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994), somehow changed the result of Cage. However, in Victor, the United States Supreme Court upheld the reasonable doubt instructions at issue by distinguishing those instructions found to be constitutionally deficient in Cage. It is clear that Cage has not been overruled. Furthermore, the Cage court specifically held that "the words `substantial' and `grave' suggest a higher degree of doubt than is required for acquittal under the reasonable doubt standard." Cage at 41, 111 S.Ct. 328. Unlike the jury charges at issue in the present cases, the instructions in Victor did not include the term "grave uncertainty." Thus, since the instructions at issue in these cases are identical to those found in Cage, the holding of Cage should govern their resolution.
I also disagree with this court's pronouncement that Cage does not retroactively apply to final convictions subject only to collateral attack. Criminal defendants who have been convicted as a result of the failure to adhere to the mandates of the state and federal constitutions have the right to judicial review. Our federal and state constitutions prohibit the deprivation of a person's liberty without due process of law, and Louisiana's Code of Criminal Procedure provides for post-conviction relief for persons who are in custody after sentence for conviction of an offense if "the conviction was maintained in violation of the constitution of the United States or the state of Louisiana." LSA-C.Cr.P. art. 930.3. Whenever the fundamental fairness of a trial is affected by constitutionally impermissible jury instructions, I believe that the defendant should be allowed to seek redress of the error.
Based upon the reasoning in Cage, I agree with the lower courts' decisions. I would set aside the defendants' convictions and order new trials.
NOTES
[*] Traylor, J., not on panel in No. 99-K-2916 and Marcus, J., not on panel in No. 99-KP-3282. Rule IV, Part 2, § 3.
[1] Additionally, the applications of both relators were untimely. Given that Humphrey provides only persuasive and not binding authority, Penns and Davis pointed to no appellate court ruling "applicable to [their] case[s]" under La.Code Crim. Proc. art. 930.8 A(2), and so nothing excepted their applications from the three-year prescriptive period. La.Code Crim. Proc. art. 930.8; State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189. Additionally, even if the jurisprudence on which Penns and Davis relied did apply generally to jury instructions in criminal cases in Louisiana, it would not apply retroactively, either for purposes of timeliness as a matter of La.Code Crim. Proc. art. 930.8 A(2), or for purposes of due process analysis. Taylor, 606 So.2d at 1296-97.

Furthermore, the failure of Davis's counsel to object waived any due process claim. State v. Berniard, 625 So.2d 217, 220 (La.App. 4th Cir.1993) (on reh'g); State v. Dobson, 578 So.2d 533, 534-35 (La.App. 4th Cir.1991). That failure to object does not give rise to a claim that Davis's trial attorney rendered constitutionally ineffective assistance of counsel. Though Cage and Humphrey claims ultimately have their basis in In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), a decision nearly ten years old at the time of Davis's trial, and though Winship may thus have provided counsel with the legal basis for an objection, counsel's reasonable perception of the futility of any such objection under prevailing state law cannot constitute deficient performance. See State v. Wolfe, 630 So.2d 872, 883 (La.App. 4th Cir.1993) ("[A]ny objection made by counsel would [be] a vain and useless act and counsel [therefore is] not `deficient' for failing to object" to such an instruction); cf. Engle v. Isaac, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982) ("[T]he Constitution guarantees criminal defendants only a fair trial and a competent attorney. It does not insure that defense counsel will recognize and raise every conceivable constitutional claim.").