900 So.2d 1072 (2005)
STATE of Louisiana
v.
Brent WASHINGTON.
No. 2005-K-0035.
Court of Appeal of Louisiana, Fourth Circuit.
April 6, 2005.
*1074 Arcenious F. Armond, Jr., Stacey E. Stringer, A.F. Armond, Jr. & Associates, Gretna, LA, for Defendant/Relator.
(Court composed of Judge DENNIS R. BAGNERIS, SR., Judge MICHAEL E. KIRBY, and Judge TERRI F. LOVE).
*1073 DENNIS R. BAGNERIS, SR., Judge.
On April 8, 1982, the defendant was indicted for two counts of armed robbery, violations of La. R.S. 14:64, one count of aggravated rape, a violation of La. R.S. 14:42, and one count of crime against nature, a violation of La. R.S. 14:89.1. On March 2, 1983, a jury found him guilty as charged. A joint motion for a new trial was granted with respect to the aggravated crime against nature charge only,[1] and the State entered a nolle prosequi as to that count. On the remaining counts, on June 29, 1983 the district court sentenced relator to serve life imprisonment without benefit of parole, probation, or suspension of sentence for aggravated rape, and thirty years at hard labor for each of the two armed robberies. The sentences are to run concurrently. This Court affirmed the rape conviction and sentence. State v. Brent Washington, KA-1812, unpub. (La. App. 4 Cir. 12/10/84). Relator did not appeal the armed robbery convictions and sentences.
The defendant has filed a number of writ applications in this Court and the Louisiana Supreme Court.[2] In pro se writ 95-K-1918, relator argued that the trial court had not ruled on his application for post conviction relief. On October 23, 1995 this Court denied the writ application. In pro se writ 96-K-1446 relator sought review of the denial of his application for post conviction relief at issue in writ 95-K-1918. *1075 On August 28, 1996 this Court denied the writ application. The Louisiana Supreme Court denied writs and reconsideration. State v. Washington, 96-2479 (La.9/19//97), 701 So.2d 150, and (La.10/31/97), 703 So.2d 6.
Relator then filed for a writ of habeas corpus in U.S. district court. The district court found the application was time barred, Washington v. Cain, 98-5584, unpub. (E.D.La.11/19/98), but the U.S. Fifth Circuit vacated the district court's decision and held that the petition was timely. Washington v. Cain, 98-31309, unpub. (5th Cir.5/3/00). On remand the district court dismissed the petition. Washington v. Cain, 98-0584, unpub. (E.D.La. 6/27/00).
According to the present writ application, defense counsel filed an application for post conviction relief in June 2004, which was denied on November 10, 2004.

DISCUSSION
The relator through counsel argues that the trial court erred by denying his application for post conviction relief. He raises eight claims: (1) the indictment is invalid because the system for selecting grand jury members in Orleans Parish is unconstitutional per se, or alternatively, susceptible to abuse so as to deny the relator his right to equal protection and due process of law by systemically excluding African-Americans from service on the grand jury; (2) the indictment is invalid because the grand jurors were selected pursuant to unconstitutional local laws; (3) the procedural bar of Deloch v. Whitley, 96-1901 (La.11/22/06), 684 So.2d 349, cannot withstand judicial scrutiny; (4) counsel was ineffective for failing to file a motion to quash the indictment; (5) the use of an erroneous reasonable doubt jury instruction diluted the standard of proof below the constitutional minimum; (6) the defective reasonable doubt instruction was a structural error, which requires vacating his conviction even in the absence of a contemporaneous objection; (7) the Cage claim is timely under La.C.Cr.P. art. 930.8(A)(2) because Humphrey v. Cain, 138 F.3d 552 (5th Cir.1998) (en banc), cert. denied, 525 U.S. 935, 119 S.Ct. 348 and 119 S.Ct. 365 (1998), first held that Cage was retroactive; and (8) the present method of transferring a juvenile for adult prosecution violates the Louisiana Constitution and the equal protection and due process clauses of the Fourteenth Amendment to the U.S. Constitution.

THE HEARING
On November 10, 2004 a number of cases were involved in the hearing. Brent Washington's case number, 288-737, is listed as one of the six cases. The State moved for summary dismissals because the applications for post conviction relief were untimely under La.C.Cr.P. art. 930.8. After discussing the Laugand case and several side issues, the State again argued that the applications should be dismissed (except Laugand) because pretrial motions to quash were not filed on the grand jury issue, citing to Deloch v. Whitley, 684 So.2d at 349. The court asked counsel if he were arguing that Deloch had been overruled. Defense counsel argued that the case upon which Deloch (which he argued should only apply to equal protection cases) was based, Francis v. Henderson, 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976), had been overruled by the U.S. Supreme Court, but noted that the Louisiana Supreme Court continues to use Deloch as a procedural bar for cases involving both equal protection and due process. The State countered that Neder v. United States, 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999), appeared to be a case involving a federal conviction, and state procedural bars could not be overruled.
*1076 The trial court concluded: "All these applications are denied. The State's objection that these are procedurally and time barred is well founded."

CLAIMS 1, 2, 3, AND 4
By his first claim the relator contended that the indictment was invalid because the system by which grand jury members were selected in Orleans Parish at the time the indictment was returned unconstitutionally excluded African-Americans. By his second claim he argued that the indictment was invalid because it was returned by grand jurors selected pursuant to statutes applicable only to Orleans Parish, which were later found to be unconstitutional local laws by State v. Dilosa, 2002-2222 (La.6/27/03), 848 So.2d 546. Although the trial court concluded that all the claims were time-barred, counsel claimed that the application was filed in June 2004. If the application had been filed before June 27, 2004, the claims arguably stemming from Dilosa could be considered timely filed.[3]
The relator conceded that he did not file a pretrial motion to quash the indictment. The failure to file a motion to quash constitutes a bar to relief. In State v. Bradford, XXXX-XXXX, p. 9 (La.App. 4 Cir. 4/23/04), 846 So.2d 880, 887, writ denied, XXXX-XXXX (La.11/26/03), 860 So.2d 1133, this Court stated:
In Deloch v. Whitley, 96-1901 (La.11/22/96), 684 So.2d 349, the Louisiana Supreme Court made clear that an equal protection claim based upon discriminatory selection of the grand jury foreman is barred if the defendant fails to file a pretrial motion to quash saying:

All equal protection claims arising out of the selection or composition of grand juries in Louisiana remain subject to this state's procedural requirements. Francis v. Henderson, 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976). Counsel must assert the equal protection claim in a pre-trial motion to quash or waive any complaint in that regard. Francis, 425 U.S. at 539-542, 96 S.Ct. at 1710-11; State v. Lee, 340 So.2d 180, 182 (La. 1976) (motion to quash is the appropriate vehicle for challenging the validity of a grand jury indictment, composition, or selection process); State v. Dillard, 320 So.2d 116, 120 (La. 1975) (failure to file a motion to quash before trial waives any challenge to the grand jury); State v. White, 193 La. 775, 192 So. 345, 348 (1939) (same); cf., Johnson v. Puckett, 929 F.2d 1067, 1069 (5th Cir.1991) ("At his trial, Johnson, a black male, moved to quash the indictment because of racial discrimination in the selection of the grand jury foreman but the motion was denied."); Guice v. Fortenberry, 661 F.2d 496, 501, n. 7 (5th Cir.1981) (same), appeal after remand, 722 F.2d 276 (5th Cir.1984).
Id. at p. 9, 846 So.2d at 887, quoting Deloch v. Whitley, at pp. 1-2, 684 So.2d at 349.
In State v. Williams, 03-0091, pp. 2-3, (La.App. 4 Cir. 1/14/04), 866 So.2d 296, 298-299 (on rehearing), writ denied XXXX-XXXX (La.6/25/04), 876 So.2d 831, cert. denied ___ U.S. ___, 125 S.Ct. 880, 160 L.Ed.2d 790, (1/10/05), this Court held:
The statute and codal provisions pertinent to this case were declared unconstitutional in Dilosa solely because they were local laws in violation of La. Const. art. III, § 12(A). However, the constitutional *1077 prohibition against local laws which underlies the Dilosa decision simply reflects a policy decision that legislative resources and attention should be concentrated upon matters of general interest and that purely local matters should be left to local governing authorities. Morial v. Smith & Wesson Corp., XXXX-XXXX, p. 22 (La.App. 4 Cir. 4/3/01), 785 So.2d 1, 17; Kimball v. Allstate Ins., Co., 97-2885, p. 4 (La.4/14/98), 712 So.2d 46, 50. As such, the substantial rights of a criminal defendant are not affected per se solely because he is indicted by a grand jury selected pursuant to local laws passed by the Louisiana State legislature. Thus, although the trial court erred in denying defendant's motion to quash his grand jury indictment based on the unconstitutionality of the local laws at issue, there is no showing that the error affected his substantial rights. Accordingly, the error does not require reversal of defendant's conviction, sentence and indictment.
(footnote omitted). See also State v. Mercadel, XXXX-XXXX (La.5/25/04), 874 So.2d 829 (where the Supreme Court stated that a defendant, whose motion to quash alleged that the selection procedures in place after the 2001 amendments to the statutes were still unconstitutional local laws, had no standing because he had failed to show that the statutes had a serious effect on his rights); State v. Newman, XXXX-XXXX, pp. 14-15 (La.App. 4 Cir. 7/7/04), 879 So.2d 870, writ denied, 2004-2050 (La.1/7/05), 891 So.2d 668 (where this Court stated that none of the defendant's federal or state constitutional rights as a criminal defendant was affected by a grand jury being selected pursuant to laws that were unconstitutional solely because they were local laws).
The trial court properly denied the first two claims, which were not raised by pretrial motion to quash, pursuant to Deloch v. Whitley, 684 So.2d at 349, and pursuant to Williams and Newman because the relator failed to show prejudice or that the statutes seriously affected substantial rights.
However, the relator next argued in his third claim that Deloch could not withstand judicial scrutiny as a procedural bar. Deloch v. Whitley is the latest published pronouncement on the issue by the Louisiana Supreme Court, and this Court is bound by the Supreme Court's ruling. 96-1901 (La.11/22/06), 684 So.2d 349. Relator contended that an invalid indictment is jurisdictional in nature, that such a jurisdictional defect is not waived even by a guilty plea, and that a jurisdictional defect may be raised after conviction under La. C.Cr.P. art. 859, which permits the filing of a motion in arrest of judgment following conviction on the ground that the court is without jurisdiction of the case. However, a similar argument was rejected by the Louisiana Supreme Court years ago in State v. Valentine, 259 La. 1019, 254 So.2d 450 (La.1971).
In Valentine the defendant entered a guilty plea in 1956. Many years later he filed a writ of habeas corpus alleging that his guilty plea should be vacated because the indictment upon which it was based was illegal because it had been returned by an unconstitutionally constituted grand jury from which African-Americans had been systematically excluded.[4] The trial court granted relief, and the State sought writs. In its application for review, the State conceded that the grand jury that indicted the defendant was drawn in a manner that violated constitutional guarantees. *1078 The State argued instead that the defendant's guilty plea acted as a waiver of the claim. The defendant responded that a guilty plea constituted only a waiver of non-jurisdictional defects, and "a legal proceeding could not have been conducted without a valid indictment, and hence, the defect is a jurisdictional one which vitiates the guilty plea." Valentine, 254 So.2d at 451. The Louisiana Supreme Court rejected the defendant's argument, noting that several federal courts had "specifically held that among the non-jurisdictional defects waived by a voluntary guilty plea is the right to challenge the composition of the grand jury returning the indictment." (Citations omitted.) Id. The court noted in particular that the Fifth Circuit in Colson v. Smith, 438 F.2d 1075 (5th Cir.1971), had reaffirmed that it was a settled rule in the Fifth Circuit that a voluntary plea of guilty waives all non-jurisdictional defects, which included the right to challenge the composition of the grand jury. Valentine, 254 So.2d at 451, citing Colson, 438 F.2d at 1078. The Louisiana Supreme Court in Valentine further noted that the United States Supreme Court had also countenanced the use of a state procedural bar in the form of an untimely objection to the composition of the grand jury, and that Louisiana had a similar bar with adverse consequences for Valentine:
In Parker v. North Carolina, [397 U.S. 790, 90 S.Ct. 1458, [25 L.Ed.2d 785] (1970)], supra, the applicant for habeas corpus raised, among other contentions, that his guilty plea could not stand because (like the instant case) the grand jury was unconstitutionally constituted in that members of his race were systematically excluded. The United States Supreme Court ruled that, since under North Carolina procedural law an objection to the composition of the grand jury must be raised by a motion to quash prior to the ruling on the guilty plea, "We are under similar constraint when asked to review a state court decision holding that the same rule of practice requires denial of collateral relief." [Parker at 397 U.S. at 798, 90 S.Ct. at 1463]
A similar procedural rule obtains under Louisiana law. See Article 535(B) and (D) of the Code of Criminal Procedure. And we hold in accordance with the settled jurisprudence that we cannot now entertain collateral attack on Valentine's guilty plea under our law. Failure to raise the issue before the guilty plea was entered operates as a waiver which precludes consideration of the contention now asserted.
(footnote omitted). Valentine, 254 So.2d at 452.
The Louisiana Supreme Court's holding in Deloch v. Whitley was merely a continued application of the long-standing rule that any objection to the composition of the grand jury must be raised by a pretrial motion to quash because an improperly constituted grand jury is not a non-waivable jurisdictional defect. The relator has provided no jurisprudence which contradicts the holdings in Valentine or Deloch. His grand jury claims are barred by the failure to file a pretrial motion to quash the indictment.
In his fourth claim the relator argued that his counsel was ineffective for failing to file a motion to quash the indictment. A similar claim was rejected in State v. Bradford, 846 So.2d at 880:
Apparently cognizant that his claim is procedurally barred from review, Bradford argues that trial counsel was ineffective for failing to raise the equal protection claim prior to trial. In general, a defendant asserting an ineffective assistance of counsel claim must demonstrate that counsel's performance was *1079 deficient and also that this deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Citing U.S. v. Cronic, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984) defendant avers that he need not demonstrate prejudice, as the failure to move to quash the indictment was a constructive denial of counsel and prejudice should be presumed. In Cronic, decided the same day as Strickland v. Washington, the Supreme Court created a very limited exception to the application of Strickland's two-part test in situations that "are so likely to prejudice the accused that the cost of litigating their effect in the particular case is unjustified." Cronic, 466 U.S. at 658, 104 S.Ct. at 2046. The Supreme Court identified three situations implicating the right to counsel where prejudice will be presumed. First are situations in which a defendant petitioner is denied counsel at a critical stage of a criminal proceeding (complete denial of counsel). Second, and the most relevant here, are situations in which a defendant's trial counsel "entirely fails to subject the prosecution's case to meaningful adversarial testing." Cronic, 466 U.S. at 659, 104 S.Ct. at 2047. Finally, prejudice is presumed when the circumstances surrounding a trial prevent a petitioner's attorney from rendering effective assistance of counsel. Cronic, 466 U.S. at 659-660, 104 S.Ct. at 2047. (citing Powell v. Alabama, 287 U.S. 45, 57-58, 53 S.Ct. 55, 77 L.Ed. 158 (1932)).
In Bell v. Cone, 535 U.S. 685, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002), the Supreme Court clarified the scope of the Cronic exception to Strickland with regard to the failure to test the prosecution's case. The Court reiterated that the failure must be "complete," and is only applicable when "'counsel entirely fails to subject the prosecution's case to meaningful adversarial testing.'" 535 U.S. at 685, 122 S.Ct. at 1851 (quoting Cronic, 466 U.S. at 659, 104 S.Ct. 2039.) (Emphasis added.) Here, Bradford's argument is not that his counsel failed to oppose the prosecution as a whole, but at a specific point. Accordingly, the claim must be analyzed according to Strickland's performance and prejudice components where defendant must overcome the "presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Strickland, 466 U.S. at 689, 104 S.Ct. at 2052. (quoting Michel v. Louisiana, 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955)). The failure to file a motion to quash, which as here, would likely lead only to re-indictment, can properly be assigned to "trial strategy." See State v. Hoffman, 98-3118, p. 38 (La.4/11/00), 768 So.2d 542, 577 (counsel's decisions as to which motions to file form a part of trial strategy); State v. Smith, 94-0621 (La.App. 4 Cir. 12/15/94), 647 So.2d 1321, rev'd on other grounds, 95-0061 (La.7/2/96), 676 So.2d 1068. Furthermore, under these circumstances, where a new indictment could have led to the reinstitution of first-degree murder charges, the decision to seek a new indictment could well be faulted in its own right.
(footnote omitted) Id. at pp. 9-11, 846 So.2d at 887-888. See also State v. Woodberry, XXXX-XXXX (La.App. 4 Cir. 6/5/02), 820 So.2d 638, writ denied, XXXX-XXXX (La.3/21/03), 840 So.2d 544 (where this Court upheld the trial court's denial of the claim of ineffective assistance of counsel for failure to file a motion to quash based on racial discrimination in the selection of the grand jury foreperson, partially because the defendant had failed to demonstrate in any way that, even if he had been *1080 successful in a motion to quash, he would not have been re-indicted).
In the instant case there is nothing in the writ application before this court or in the application for post conviction relief filed below that shows that the relator would not have been indicted by a properly-constituted grand jury. If counsel had filed the pretrial motion to quash, the indictment would have been quashed, but the defendant would have been reindicted and convicted at trial. The relator has not shown prejudice, and his ineffective assistance of counsel claim has no merit.

CLAIMS 5, 6, AND 7
By these claims the relator through counsel argued that the use of an erroneous reasonable doubt jury instruction was unconstitutional and that the defective instruction was a structural error, which did not require a contemporaneous objection. He relied on Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), and Humphrey v. Cain, 138 F.3d at 552. The relator further contended that the Cage claim was timely under La. C.Cr.P. art. 930.8(A)(2) because Humphrey for the first time in April 1998 held that Cage was retroactive.[5]
In State v. Penns, 99-2916 (La.12/20/99), 758 So.2d 776, cert. denied, 120 S.Ct. 2014 (2000), the Louisiana Supreme Court held that while Humphrey was persuasive authority, the opinion was not binding on courts in this state. The Court stated:
In State v. Smith, 91-0749, p. 13 (La.5/23/94), 637 So.2d 398, 406, cert. denied, 513 U.S. 1045, 115 S.Ct. 641, 130 L.Ed.2d 546 (1994), this court held that in light of Victor v. Nebraska, 511 U.S. 1, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994), a so-called Cage instruction, see Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990)(per curiam), did not require reversal of the defendant's conviction on grounds that it diluted the state's burden of proving the accused's guilt beyond a reasonable doubt in violation of due process guarantees. See also State v. Jarrell, 98-0707 (La.7/2/98), 721 So.2d 898. We have subsequently made clear that the presence of an "articulation" requirement in a Cage instruction, the factor considered decisive by the court of appeals in Humphrey, 120 F.3d at 533, also did not warrant relief. State v. Williams, 96-1023, p. 17 (La.1/21/98), 708 So.2d 703, 718 ("[A]n instruction equating reasonable doubt with `a serious doubt for which you could give a good reason' [is] not constitutionally infirm.") (citing Smith, 91-0749 at 2, 637 So.2d at 399); see also State v. Brumfield, 96-2667, p. 47 (La.10/28/98), 737 So.2d 660, 684-85 (citing Smith).
Unless and until the United States Supreme Court resolves the status of a Cage/Humphrey instruction after Victor, our decisions in Smith and Williams, as well as our decision in State ex rel. Taylor v. Whitley, 606 So.2d 1292 (La. 1992), (Cage not retroactively applicable to final convictions subject only to collateral attack), and not the decision in Humphrey, bind the district courts of this state in reviewing claims that trial judges have read erroneous instructions on reasonable doubt.
State v. Penns, pp. 2-3, 758 So.2d at 777-78.
In a footnote in Penns, the Supreme Court declared:

*1081 Additionally, the applications of both relators were untimely. Given that Humphrey provides only persuasive and not binding authority, Penns and Davis pointed to no appellate court ruling "applicable to [their] case[s]" under La. Code Crim. Proc. art. 930.8 A(2), and so nothing excepted their applications from the three-year prescriptive period. La. Code Crim. Proc. art. 930.8; State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189. Additionally, even if the jurisprudence on which Penns and Davis relied did apply generally to jury instructions in criminal cases in Louisiana, it would not apply retroactively, either for purposes of timeliness as a matter of La.Code Crim. Proc. art. 930.8 A(2), or for purposes of due process analysis. Taylor, 606 So.2d at 1296-97.
Id. at 779, fn. 1. In State v. Ketchens, 99-3188 (La.App. 4 Cir. 1/26/00), 753 So.2d 328, 330, this Court reversed the trial court and concluded that the defendant's application for post conviction relief was barred by La.C.Cr.P. art. 930.8 because the holding in Humphrey was not binding in this state.
In State v. Goldston, XXXX-XXXX, pp. 14-15 (La.App. 4 Cir. 2/11/04), 868 So.2d 196, 205, this Court noted that there was no objection to the reasonable doubt jury instruction and stated that the claim relating to the alleged Cage instruction had not been preserved, citing See State v. Berniard, 625 So.2d 217 (La.App. 4th Cir.1993), and State v. Dobson, 578 So.2d 533 (La. App. 4th Cir.1991).
In light of Penns, these claims were properly denied.

CLAIM 8
In his eighth claim, the relator through counsel argued that the method of transferring a juvenile for adult prosecution violated his constitutional rights under the Louisiana and U.S. Constitutions. In the defense writ application counsel does not claim that trial counsel had raised any objections to the exercise of the criminal court's jurisdiction or that he moved to quash the indictment. Therefore, the claim was not preserved. Additionally, this claim is barred under La.C.Cr.P. art. 930.8. This Court rendered an opinion on the appeal on December 12, 1984, and counsel claims that the application for post conviction relief was filed below in June 2004. Counsel has not claimed that any of the exceptions to La.C.Cr.P. art. 930.8 apply. Therefore, the claim is procedurally barred.
For these reasons, we hereby grant the writ application but deny defendant relief.
WRIT APPLICATION GRANTED; RELIEF DENIED
NOTES
[1] It appears from the docket master that an oral joint motion for a new trial on the aggravated crime against nature charge only was filed on June 30, 1983, the day after sentencing, and granted by the trial court, which set aside the sentence. The State then entered a nolle prosequi as to that count only.
[2] According to the Clerk's Office database, which contains writs from 1989, the defendant filed writs 89-K-1677, 89-K-2351, 91-K-1380, 91-K-2138, 92-K-1270, 93-K-0793, 95-K-1918, and 96-K-1446. Many relate to applications for post conviction relief. In writ 89-2351 relator sought review of the December 4, 1989 denial of his application for post conviction relief. On March 13, 1990 this Court denied the writ application. The Supreme Court also denied writs. State ex rel. Washington v. State, 584 So.2d 671 (La. 1991). In 91-K-1380 and 91-K-2138 relator complained that the trial court had failed to rule on an application for post conviction relief filed on April 11, 1991. Both writs were granted, and the trial court was ordered to rule. In writ 92-K-1270 relator again complained that the trial court had not acted, but this Court denied the writ because on April 1, 1992 the trial court rendered a written judgment denying relator's application for post conviction relief. Writ 93-K-0793 involved a request for the cost of jury instructions.
[3] The application for post conviction relief provided to this Court is not date stamped; however, the attached affidavit indicates that the application was mailed to the court and the State on June 19, 2004.
[4] His substantive claim arose from Eubanks v. Louisiana, 356 U.S. 584, 78 S.Ct. 970, 2 L.Ed.2d 991 (1958), and Labat v. Bennett, 365 F.2d 698 (5th Cir.1966).
[5] The relator does not clarify the timeliness of a petition that was not filed within one year of the finality of Humphrey in 1998 (but approximately six years later in 2004). He also does not provide a copy of the reasonable doubt jury instruction to show that it was in fact a Cage instruction.