PER CURIAM:
11 Denied. Relator fails to show he received ineffective assistance of counsel under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Relator’s remaining claims are repetitive and/or unsupported. La.C.Cr.P. art. 930.2; La.C.Cr.P. art. 930.4. We attach hereto and make a part hereof the District Court’s written reasons denying relator’s application.
*244 Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 980.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.
^Attachment
*245 TWENTY FOURTH JUDICIAL DISTRICT COURT PARISH OF JEFFERSON STATE OF LOUISIANA
NO, 06-6177
DIVISION “K”
STATE OF LOUISIANA
VERSUS
BRIAN MASSEY
[[Image here]]
ORDER
This matter comes before the court on the petitioner’s APPLICATION FOR POST-CONVICTION RELIEF. STAMPED AS FILED NOVEMBER 15. 2013 AND THE STATE’S REFQNSE, STAMPED AS FILED OCTOBER 30. 2014, AND THE STATE’S SUPPLMENT, STAMPED AS FILED NOVEMBER 10.2014.
On August 27,2010, following a judge trial, the court found the petitioner guilty of being a felon in possession of a firearm, a violation of LSA-R.S. 14:95,1. On August 30,2010, a jury convicted the petitioner of second degree murder, a violation of LSA-R.S. 14:30.1. On September 9,2010, the court sentenced him to life imprisonment at hard labor for the murder charge, and to fifteen years incarceration at hard labor for the firearm charge, to run concurrently. The Fifth Circuit Court of Appeal affirmed his conviction. State v. Massey, 11-358 (La. App. 5 Cir. 5/27/12) 97 So.3d 13; writ denied, State ex rel, Massey v. State, 2012-993 (La. 9/21/12) 98 So.3d 332.
The petitioner has now filed this application for post-conviction alleging the following claims:
1, His Sixth Amendment right to due process and right to a fide and impartial jury under the United States Constitution wete violated when the state used discriminatory practice in the selection of jury during voir dire; Batson claim.
2, His Fifth, Sixth, and Fourteenth Amendment rights of the United States Constitution were violated when the state presented insufficient evidence to prove petitioner was guilty of second degree murder, in violation of LSA-R.S. 14:30.1,
3. His Sixth and Fourteenth Amendment rights of due process and equal protection were violated.as far as prosecutor misconduct on the part of the state for knowingly eliciting false testimony from a witness.
4. His Sixth and Fourteenth Amendment rights of effective assistance of counsel were violated as he was not afforded effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution.
The court ordered the state to respond to these claims, raising procedural objections, if any, or respond on the merits. The state has responded and the court will now address each claim.
Claim One: Petitioner's Sixth.Amendment right to due process and right to a fair and impartial jury under the United States Constitution ⅜⅛⅝⅛ violated when the state used diseriminaiory practice in the selection of jury during voir-ZHre; Batson claim.
This ⅛ a Batson[1] claim. ThjxSubstance of this claim was raised in the trial court but not on appeal. The petitioner acknojadeOgcs that the claim was not raised on appeal but states his attorney failed to raise it. The petitioner fails to provide any other reason for omitting the claim on appeal and not allowing the Fifth Circuit Court of Appeal an opportunity to review the claim. *246 The court also notes that the petitioner did not include a Batson claim in a pro se brief to the court of appeal. The petitioner had the opportunity to raise this claim on appeal but failed to do so.
This court finds that this claim is barred from post-conviotion revtew;by application of LSA-C.Cr-P. art. 930.4(C)[2]-which establishes that the court may deny relief if the application raises a claim which the petitioner raised in the trial court but inexcusably failed to pursue on appeal.
In addition to urging a procedural bar to the claim, the state points out that the co-defondant, tried jointly, raised this Batson oiaim on direct appeal. On the precise facts of this case, the Fifth Circuit rejected Batson arguments, See State v, (Eric) Massey, 11-0347 (La.App. 5 Cir. 3/27/12), 91 So.3d 453, 465-472. The court finds the reasoning in the case that reviewed the same facts to be persuasive. Thus, if the court were to review this claim on the merits, the claim would fail.

Claim Two: Petitioner's Fifth Sixth, and Fourteenth Amendment rights of the United States Constitution were violated when the slate presented Insufficient evidence to prove petitioner was guilty of second degree murder, In violation of LSA-R.S, 14:30,1,

This is a sufficiency of the evidence claim under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Following conviction, the Petitioner filed a Motion for a New Trial, specifically arguing that the eye-witness, Courtney Washington, was too far away to identify the defendant, The claita was not made as an assignment of error on direct appeal, however, Petitioner provides no reason for die omission, other than appellate counsel did not raise the claim,
The court finds this claim barred by application of LSA-O.Cr.P. art,' 930.4(C)[3] which provides that the court may deny relief if the application raises a claim which the petitioner raised in the trial court but inexcusably failed to pursue on appeal, This claim was clearly known at the trial court, as evidenced by a Motion far New Trial citing this argument, but not raised on appeal,
The state references the Fifth Circuit’s opinion on appeal, highlighting the Court’s finding that “there was sufficient evidence to prove defendant's guilt as to the second degree murder of Bush without its admission,” State v, Massey, 11-0358 (La.App. 5 Cir. 3/27/12), 97 So.3d 13, 37, Although this court will deny relief on procedural grounds, the. fact that the Fifth Circuit has already found the evidence sufficient to convict, would cause this court to deny relief, if the merits of the claim were reached.

Claim Three: Petitioner's Sixth and Fourteenth Amendment rights of due process and equal protection were violated as far as prosecutor misconduct on the part of the state for knowingly eliciting false testimony from a witness.

The petitioner argues that his murder conviction was obtained by the use of false testimony ftom eyewitness Courtney Washington and that this falsity was known by the prosecution. He relies on Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959), to support bis oiaim,
On the issue of what the eyewitness, Courtney Washington, could actually see, the court finds to be proccdurally barred because such contentions have been raised at the trial level. The defense knew of the distances, darkness, and other facts of Ms. Washington’s testimony from discovery and her testimony in court. The defense cross-examined her extensively on her perceptions and relationships, The question of the witness' ability to see the murder and to identify the perpetrators was one for the jury.
In addition, the petitioner contends that the state had an undisclosed arrangement with Courtney Washington and that ho only recently learned of this arrangement. In response, the state attaches pre-trial filings, including a Motion for a Material Witness Bond to hold Ms. Washington, In that pleading, the state related the unforeseen absence of the witness with no forwarding address provided and her statement that Brian Massey had threatened her if she *247 testified, a fact not mentioned by the petitioner. The witness was detained on the material witness warrant.
The petitioner contends the prosecution witness walked out of prison after her testimony to the murder. The state submits documentation that Ms, Washington was released by this court on the material witness bond ONLY and furthermore, that she was taken into custody by the Baton Rouge Police Department for the charges of child kidnapping,
The petitioner has made no showing of any deal with the prosecution .nor of any use of perjured testimony, Because he has failed to meet his burden of proof trader ISA-C.Cr.P, art. 930.2, his claim will be denied.

Claim Four; His Sixth and Fourteenth Amendment rights of effective assistance of counsel were violated as he was not afforded effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution,

In his most lengthy claim, the petitioner cites seven separate allegations of ineffective ' assistance of trial counsel. The individual claims are that defense counsel wás deficient in the following respects:
(1) Failed to proffer the testimony of the off-the-record bench conferences concerning the State’s chief witness’ aggravated kidnapping warrant,
(2) Failed to make and/or further any Batson objections,
(3) Failed to move to sever trial from co-defendant,
(4) Had to be forced to move for a mistrial when a state witness was not called to testify,
(5) Failed to engage in his case,
(6) Failed to file a motion to suppress jailhouse phone conversations,
(7) Failed to file an objection to jailhouse phone conversations under La. Electronic Surveillance Act (LSA-R.S, 35:1301, etseq.).
The petitioner has a Sixth Amendment tight to effective legal counsel. Under the well-known standard set ant in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and State v. Washington, 491 So.2d 1337 (La.1986), a conviction must be reversed if the defendant proves (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's inadequate performance prejudiced defendant to the extent that die trial was rendered unfair and the verdict suspect. State v. Legrand, 2002-1462 (La.12/3/03), 864 So.2d 89.
To be successful in arguing a claim of ineffective assistance of counsel, a post-conviction petitioner must prove deficient performance to the point that counsel is not fbnotioning as counsel within file meaning of the Sixth Amendment. A petitioner must also prove actual prejudice to ihe point that the results of the trial cannot be trusted, it is absolutely essential that both prongs of the Strickland test must be established before relief will be granted by a reviewing court
Furthermore, there is a strong presumption that counsel’s performance is within the wide range of effective representation. Effective counsel does not mean errorless counsel and the reviewing court docs not judge counsel’s performance with the distorting benefits of hindsight, but rather determines whether counsel was reasonably likely to render effective assistance. State V. Soler, 93-1042 (La.App. 5 Cir. 4/26/94), 636 So.2d 1069, 1075.
Mindful of controlling federal and state jurisprudence, this court now turns to the specific claims of ineffective assistance made in petitioner’s application and argued in the memorandum in support, as well as the state’s response.
On his first complaint, that his attorney failed to proffer the testimony of the off-the-record bench conferences concerning the State’s chief witness’ aggravated kidnapping warrant, the court finds relief unwarranted.
The state points out in response that the murder in this case took place in 2006, while the arrest warrant for Ms, Washington’s kidnapping of her biological children took place in 2010. For that reason, statements made to the police in 2006 were not affected by activities in 2010. Counsel's failure to object to claims that would not have resulted in relief does not support post-conviction relief. State ex rel. Roper v. Cain, 9902173 (La.App. 1st Cir. 10/26/99), 763 So.2d 1, writ denied, 00-0975 (La, 11/17/00), 773 So.2d 733. The petitioner has not shown either prong of Strickland in connection with this claim.
*248 On his second complaint, that trial counsel was ineffective by failure to make Batson objections, the petitioner cannot demonstrate the prejudice prong. His brother and co-dofendant, ■through counsel, made Batson objections during jury selection. As the court noted above, the Fifth Circuit rejected Batson arguments from the same trial. See State v. (Eric) Massey, 11-0347 (La.App. 5 Cir. 3/27/12), 91 So.3d 453, 465-472.
On his third complaint, that trial counsel was ineffective by not moving to sever trial from co-defendant, petitioner does not meet his burden of proof. The petitioner provides no basis that separate trials were warranted or that a motion to sever would have been granted if a motion had been filed, He also fails to show he was prejudiced by a joint trial.
And finally, the question of filing a motion to sever is one of trial strategy. Filing of such motions is within the ambit of trial strategy. State v. Pendleton, 96-367 (La.App. 5th Cir. 5/28/97), 696 So.2d 144, 156, writ denied, 97-1714 (La. 12/19/97), 706 So.2d 450, Reasonable trial strategy does not constitute ineffective assistance of counsel. State v. Bl(La.App. 4 Cir. 1986).
On his fourth complaint, that trial counsel had to be forced to move for a mistrial when a state witness was not called to testily, the petitioner has failed to state a claim for which post-conviction relief can be granted. If counsel made the motion, regardless of whether it was ftotn counsel or the client’s initiative, the motion was made.
On his fifth complaint, that counsel failed to engage in his case, the petitioner has not stated a valid claim. This contention is vague and unsupported. As stated earlier, a petitioner must show that his attorney - in a specific way - rendered a substandard performance AND must show the results of the trial are unreliable as a result. The petitioner has made no showing toward either prong of the Strickland test.
On his sixth and seventh complaints, that counsel was ineffective by failure to file a motion to suppress jailhouse phono conversations and failed to file a motion to suppress jailhouse phone conversations under the state electronic surveillance rules of LSA-R.S. 15:1301 et seq„ the petitioner has not met his burden,
The calls at issue were outgoing calls made by the petitioner while an inmate in the Jefferson Parish Correctional Center (JPCC). Regarding the admissibility of such recordings, the court finds the oase relied on by the state to be controlling. In State v. Favors, 09-1034 (La.App. 5 Cir. 6/29/10), 43 So.2d 253, the Fifth Circuit expressly found an exception to Louisiana’s Electronic Surveillance Act. In Favors, JPCC’s routine practice of recording inmate calis was held to be an exception to the electronic surveillance aet. Outgoing inmate calls were held admissible.
The petitioner has not provided any basis to exclude his outgoing calls; He has not shown that if his attorney had filed any motions to suppress evidence of these calls he would have been successful. The court finds that the petitioner has not met his burden of proof under LSA-C.Cr.P. art. 930,2. The court further finds that the petitioner has not proven either prong of the Strickland test. Trial counsel’s performance was not constitutionally substandard nor are the results of the trial unreliable,
Conclusion
The court has reviewed the record and pleadings filed in connection with this proceeding. Following review, in connection- with nil claims, the court finds the petitioner is not entitled to post-conviction relief.
Accordingly,
IT IS ORDERED BY THE COURT that the application for post-conviction relief be and is hereby DENIED.
[[Image here]]
*249 PLEASESERVE:
DEPENDANT: Brian Massey, DOC.# 510417, Louisiana State Penitentiary, Angola, LA 70712
STATE: Michael Captan, Jefferson Parish District Attorney's Office, 200 Derbigny St, Gretna, LA 70053
[[Image here]]

 Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

 The state quotes the correct language for LSA-C.Cr.P, art, 930.4(C) but cites the source as Paragraph B.

 As before, the state quotes the correct language for LSA-C,Cr,P. art, 930.4(C) but cites the source as B.