740 So.2d 732 (1999)
Rita HARRINGTON, Plaintiff-Appellant,
v.
CATO CORPORATION and Continental Casualty Company, Defendants-Appellees.
No. 32,005-CA.
Court of Appeal of Louisiana, Second Circuit.
June 16, 1999.
*733 Street & Street by D. Randolph Street, Monroe, Counsel for Appellant.
Hayes, Harkey, Smith & Cascio by Donald C. Douglas, Jr., Monroe, Counsel for Appellee Continental Casualty Company.
Before GASKINS, CARAWAY and DREW, JJ.
GASKINS, J.
The plaintiff, Rita Harrington, appeals from a judgment awarding her statutory penalties against defendant Continental Casualty Company (Continental) in the amount of $30.80. For the following reasons, we affirm.

FACTS
On July 10, 1996, the plaintiff was shopping for clothing in a Monroe store operated by Cato Corporation (Cato). As she left the dressing area, she hit her face on a clothing rack which extended into the walkway. The accident caused injuries to her face, and she sued Cato and its liability insurance carrier, Continental.
On May 22, 1998, the parties mediated the case, which resulted in a written settlement providing, in part, that:
Cato Corporation agrees to pay to Rita Harrington the sum of TWENTY-TWO THOUSAND AND NO / 100 DOLLARS ($22,000.00), inclusive of all general, special or other damages, and that Cato Corporation will pay all court costs, in full and final settlement of the above numbered and captioned matter.
The settlement agreement further provided that:
The parties and their counsel agree to cooperate with each other in the drafting and execution of such additional documents as are reasonably requested or required to implement the provisions and spirit of this Settlement Agreement.
On May 26, 1998, counsel for the defendants sent a letter to counsel for the plaintiff, stating in part:
Please provide me with the total figure for the amount of court costs you and your client have incurred to date. Once I receive [the mediator's] final invoice for his time, I'll divide that by two and request the necessary drafts from my client. Once I receive the checks I will draft the final settlement documents and forward them to you for your review and execution.
*734 On June 2, the plaintiff's attorney responded by indicating that the plaintiffs court costs were $360. Approximately two days later[1], defense counsel indicated that he was requesting the check.
On June 11, 1998, counsel for the plaintiff sent defense counsel a letter indicating that the plaintiff would seek statutory penalties if Continental did not deliver the funds in a timely manner. On June 29, 1998, defense counsel delivered the check for $22,360.00 to the plaintiff along with the final settlement documents.
On July 6, 1998, the plaintiff filed a motion for penalties, seeking an award of $5,000.00 against Continental for its failure to pay the claim within 30 days of written settlement. The court awarded the plaintiff a penalty in the amount of $30.80, representing legal interest for the period of June 22, 1998 until June 29, 1998. Urging that the sum is unreasonably low, the plaintiff now appeals.

DISCUSSION
La. R.S. 22:1220 provides, in pertinent part:
A.... The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:
. . . .
(2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
. . . .
C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.
An insurer owes to third parties the duty specified by section B(2), and a third party has a cause of action against the insurer for a violation of that duty. See Theriot v. Midland Risk Insurance Company, 95-2895 (La.5/20/97), 694 So.2d 184, 187. As the court recognized in Theriot, the practice by insurers of delaying the issuance of settlement checks was one of the principal grounds for the enactment of this statute. La. R.S. 22:1220 is a penal statute and, as such, is strictly construed. Ramirez v. Ware, 28,879 (La.App.2d Cir.9/25/96), 680 So.2d 1302.
By the clear implication of its ruling, the trial court found that the settlement agreement was complete on May 22, 1998 despite the uncertainty about the amount of court costs. See La. C.C. art. 3071; compare Levy v. Cummings, 25,475 (La. App.2d Cir.1/19/94), 631 So.2d 55; Brasseaux v. Allstate Insurance Company, 97-0526 (La.App. 1st Cir.4/8/98), 710 So.2d 826. That finding is supported by the record, and the settlement was reduced to writing for purposes of La. R.S. 22:1220 on May 22. Because payment was tendered on June 29, the insurer failed to pay the settlement within the 30-day period required by La. R.S. 22:1220(B)(2).
The plaintiff argues that once the court decided that the insurer owed a penalty under La. R.S. 22:1220(C), the statute required the court to award $5,000.00. Although *735 Continental has not appealed the award and contested the trial court's characterization of the award as a penalty, we note that the $30.80 awardthe amount of legal interest lost by the plaintiff for the late payment and the plaintiffs actual damagesis more akin to an award of damages under sections A and B than to a penalty under section C. Nevertheless, even assuming that the court accurately characterized the award as a penalty, we find no merit in the plaintiff's argument that the minimum penalty must be $5,000.00. The statute specifies that the penalty award be "in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater." The plaintiff sustained $30.80 in damages due to her loss of interest on the money; twice that amount is $61.60. Because $5,000.00 is greater than $61.60, the award could not exceed $5,000.00. Under this scheme, a plaintiff may not recover more than $5,000.00 unless her actual damages are greater than $2,500.00. The statute has no minimum penalty provision.
We further find no abuse of the trial court's wide discretion in fixing the amount of the penalty awarded to the plaintiff. The decision to assess penaltiesand, if so, what amount to assess involves questions of fact regarding the circumstances of the transaction. Insofar as a court's decision to assess penalties is based on its findings of fact, its decision will not be disturbed absent an abuse of discretion. Cf. Haynes v. Shumake, 582 So.2d 959, 961 (La.App. 2d Cir.1991), discussing the penalty provisions of La. R.S. 22:658. The trial court was aware of all of the facts cited to this court by the plaintiff. The court specifically noted that both parties were aware that the amount of court costs was available upon request from the clerk of court and could have been fixed on the day the case was mediated. The court recognized that the delay in obtaining that figure was attributable to both parties and could easily have been avoided, but nevertheless elected to compensate the plaintiff for the delay.
Under the circumstances, the payment of settlement funds approximately a week late was not so outrageous to make unreasonable the trial court's award. As the defendant points out, the delay between the fixing of court costs and the payment of the settlement was 27 days. Compare the "unacceptable" three-month delay in Jeanpierre v. Mikaelian, 97-1850 (La.App. 4th Cir.2/25/98), 709 So.2d 915, writ denied, 98-1162 (La.6/5/98), 720 So.2d 689, which led to the imposition of a $5,000.00 penalty. In the instant matter, the trial court indicated that another case in which it had awarded penalties "was a much more egregious case than this." The court specifically found no basis for awarding a $5,000 "windfall" in the present case. We find that the trial court's decision was reasonable under the facts presented.

CONCLUSION
The judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff/appellant, Rita Harrington.
AFFIRMED.
NOTES
[1] This letter is dated May 26, 1998 but has a computer file name indicating a date of June 4, 1998.