831 So.2d 290 (2002)
John ADAMS
v.
Shawn STRATTON and State Farm Mutual Automobile Insurance Company.
No. 02-CA-224.
Court of Appeal of Louisiana, Fifth Circuit.
October 16, 2002.
Robert G. Harvey, Sr., Maria Del Carmen Calvo Broce, Jonathan M. Walsh, New Orleans, LA, for Appellant, John Adams.
Sidney J. Angelle, Brant J. Cacamo, Lobman, Carnahan, Batt, Angelle, and Nadar, New Orleans, LA, for Appellees, Shawn Straton and State Farm Mutual Automobile Insurance Company.
Panel composed of Judges JAMES L. CANNELLA, CLARENCE E. McMANUS and HENRY G. SULLIVAN, JR., Pro Tempore.
JAMES L. CANNELLA, Judge.
Plaintiff, John Adams, appeals from the trial court judgment which awarded him $253.61 in penalties against the Defendant, State Farm Mutual Automobile Insurance Company, for its failure to pay the settlement amount within 30 days of agreement. The sole legal issue presented in this appeal is whether La. R.S. 22:1220(C) provides a statutory minimum penalty. For the reasons which follow, we find that it does not and affirm.
A lawsuit was filed by Plaintiff against Defendant as a result of an automobile accident. On the morning of trial, May 11, *291 2001, a settlement was reached for $2000. The parties recited the settlement agreement into the record in open court. Defendant did not pay the settlement amount until June 18, 2001, more than 30 days later.
La R.S. 22:1220 provides in pertinent part:
A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:
* * *
(2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
* * *
C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.
On June 18, 2001, Plaintiff filed a motion requesting penalties in the amount of $5000 against Defendant for violating La. R.S. 22:1220(B)(2) by failing to pay the settlement amount within 30 days after the agreement. Defendant opposed the motion.
On July 26, 2001, the trial court, after hearing, found "... that the $2000 settlement was paid after the thirty (30) days and is a breach of the duty as contemplated in LSA R.S. 22:1220." The trial court then awarded penalties to Plaintiff of $253.61. It is from this judgment that Plaintiff appeals.
On appeal, Plaintiff argues, as he did in the trial court, that La. R.S. 22:1220(C) provides a statutory minimum, under the facts of this case, of $5000 because $5000 is greater than twice the actual damages. The Plaintiff argues that the statute provides the trial court with the discretion to award penalties or not. However, once it is determined that the penalties are due, then the greater of either $5000 or twice the amount of the actual damages sustained by the breach is to be awarded.
Defendant argues, to the contrary, that La. R.S. 22:1220 has no statutory minimum. Defendant also points out that the statute is penal in nature and as such must be strictly construed. Harrington v. Cato Corporation, 32-055 (La.App. 2nd Cir.6/16/99), 740 So.2d 732. Defendant argues that La. R.S. 22:1220(C) does not provide for a minimum penalty, but only a maximum penalty of an amount "not to exceed" $5000. It does not say in an amount "not less than" $5000. Further, Defendant argues that the statute uses the word "may" making the award of penalties discretionary as well as the amount to be awarded. We agree.
We first note that the Louisiana Supreme Court has not had occasion to address this issue. However, the Second Circuit has, and found no statutory minimum provided by La. R.S. 22:1220(C) in *292 the award of penalties. In Harrington v. Cato Corporation, supra, the Second Circuit was presented with the same argument as presented here, that once the trial court determined that penalties should be awarded, the statute provided a statutory minimum amount. The court, citing the permissive rather than mandatory language in the statute, rejected the argument. They also noted the requirement of strict construction for penal statutes like La. R.S. 22:1220.
It is well settled that in interpreting a statute, when it is clear and unambiguous and its application does not lead to absurd consequences, the law is applied as written and no interpretation may be made. La. C.C. art. 9. When the language of a law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law. La. C.C. art. 10. The words of a law must be given their generally prevailing meaning. La. C.C. art. 11.
Upon review, we agree with the court in Harrington. La. R.S. 22:1220(C), as written, is clear and unambiguous. There is no mandatory minimum language in the penalty provision. Thus, keeping in mind the strict construction requirement, we find no mandate in the statute for a minimum penalty amount. To the contrary, as noted in Harrington, the language in the statute is all permissive. The statute provides that "the claimant may be awarded penalties." It also provides that the amount of the penalties, if awarded, are "not to exceed two times the damages sustained or five thousand dollars, whichever is greater." The statute clearly provides a mandatory maximum, limiting an award to an amount of twice the damages or $5000, whichever is greater. However, we find no mandatory minimum penalty amount in the statute. The amount of the penalty, provided it is not over the statutory maximum, is a matter of the trial court's discretion based on the facts of the case.
While Plaintiff cites several cases in his brief, they are not dispositive of the issue before us. Those cases relate to a discussion of whether any penalties can be awarded where the claimant does not show that he sustained damages due to the breach. That question is not before us and we find those cases inapplicable to the issue presented herein.
Because of the loss of interest, Plaintiff sustained actual damage of $3.61. Thus, although not expressly broken down by the trial court, it appears that the trial court awarded penalties in the amount of $250. We find no abuse of the trial court's discretion in making this award, considering the minor delay and the minor damage sustained.
Accordingly, for the reasons stated above, the judgment of the trial court awarding Plaintiff $253.61 in penalties for the Defendant's late payment of the settlement amount is affirmed. Each party shall bear his own cost of appeal.
AFFIRMED.