# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-1408

**JEFFERY FUNDERBURK**

**VERSUS**

**NABORS DRILLING USA**

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 2
PARISH OF RAPIDES, NO. 06-07312
HONORABLE JAMES L. BRADDOCK,
ADMINISTRATIVE HEARING OFFICER

**********

## J. DAVID PAINTER

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, and J. David Painter, Judges.

**AFFIRMED.**

**Harry K. Burdette**
**300 Stewart St.**
**Lafayette, LA 70501**
**Counsel for Plaintiff-Appellee:**
      **Jeffery Funderburk**

**Kevin A. Marks**
**Randy J. Hoth**
**701 Poydras St., 40th Fl.**
**New Orleans, LA 70139**
**Counsel for Defendant-Appellant:**
      **Nabors Drilling USA, Inc.**

PAINTER, Judge.

Defendant, Nabors Drilling USA, Inc. (Nabors), appeals the judgment of the workers' compensation judge (WCJ) finding it liable pursuant to La.R.S. 23:1201(G) for penalties and attorney's fees for late payment of a compensation award.

FACTS AND PROCEDURAL HISTORY

On July 24, 2004, Plaintiff, Jeffery Funderburk, was injured while working for Nabors. Funderburk filed a disputed claim for compensation. The WCJ found him entitled to temporary total disability from October 15, 2004 through November 22, 2004, plus penalties and attorneys fees. The WCJ dismissed his claims for further compensation and medical benefits. Funderburk appealed that judgment to this court, which awarded ongoing indemnity benefits and medical benefits. Nabors applied for a writ to the Louisiana Supreme Court, which denied the writ on September 15, 2006.

Nabors paid the judgment on October 18, 2006. On October 23, 2006, Funderburk filed this claim for penalties and attorney's fees with the Office of Workers' Compensation (OWC). The WCJ rendered judgment in favor of Funderburk. Nabors appeals. Funderburk has answered the appeal asking for additional attorney's fees on appeal.

DISCUSSION

On appeal, Nabors argues that no penalties or attorney's fees are due for late payment because the claim for them was not filed until after the judgment was paid.

Louisiana Revised Statutes 23:1201(G) (emphasis added) provides that:

> G. If any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there *shall be added* to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this

1

Subsection shall be included in any formula utilized to establish premium rates for workers' compensation insurance. The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate.

Nabors cites *Fallen v. New Orleans Police Dep't*, 01-544 (La.App. 4 Cir. 2/6/02), 812 So.2d 692, *writ denied*, 02-702 (La. 5/3/02), 815 So.2d. 823 as support for its argument that the WCJ erred in ordering it to pay penalties and attorney's fees for late payment. The court in *Fallen* found that because the statute states that the penalty and attorney's fees added for late payment are to be paid at the same time as the original award, no action for penalties and attorney's fees for late payment could be brought after payment is made. We disagree. The statute clearly states that if a final judgment is not paid within 30 days after it comes due, penalties and attorney's fees *shall* be added. This language is mandatory and does not allow for the court's discretion in determining whether it is due. *See* La.Code Civ.P. art. 5053. Therefore, the WCJ correctly made an additional award of penalties and attorney's fees for late payment of the judgment.

Additionally, taking into consideration the particular circumstances of this case, the lower court's award of attorney fees and recent awards by this court, we find $1,000.00 to be a reasonable award for work done pursuant to this appeal. *See Cotton v. First Fleet*, 07-29 (La.App. 3 Cir. 5/2/07), 957 So.2d 229, *writs denied*, 07-1488 (La. 10/5/07), 964 So.2d 947, 07-1543 (La. 10/5/07), 964 So.2d 948.

CONCLUSION

For these reasons, the judgment of the OWC is affirmed. Appellee, Funderburk, is awarded $1,000.00 representing an additional attorney's fee on appeal. Costs of this appeal are assessed to the Appellant, Nabors.

AFFIRMED.

2