WALTER J. ROTHSCHILD, Judge.
^Defendant, Louisiana Citizens Property Insurance Corporation (“Citizens”), also referred to as Louisiana Citizens Fair Plan, appeals from three trial court rulings granting summary judgment in favor of plaintiffs/class representatives in this class action. For the reasons stated more fully herein, we reverse the judgments of the trial court and remand the matter for further proceedings consistent with this opinion.

Factual and Procedural History

This class action was instituted on November 18, 2005 by Geraldine Oubre and Linda Gentry on their behalf as well as others similarly situated. In this action, plaintiffs/class representatives alleged they were insureds of Citizens on August 29, 2005, when Hurricane Katrina struck the Louisiana |4coastline, and/or on September 24, 2005, the date Hurricane Rita struck *495 Louisiana. Plaintiffs/class representatives alleged that as a result of these storms, they suffered property damage which is covered by their Citizens policies, and that they timely notified Citizens of their losses. Plaintiffs/class representatives alleged that Citizens failed to comply with its statutory duty under La. R.S. 22:658(A)(3) to initiate loss adjustment in a timely manner. Therefore, plaintiffs/class representatives alleged that Citizens is liable for statutory penalties provided in La. R.S. 22:1220.
On July 11, 2006, the trial court granted class certification of this action, and on July 17, 2006, the court rendered an amended judgment which defined the class as follows:
All present or past insureds of Louisiana Citizens Property Insurance Corporation a/k/a LOUISIANA CITIZENS FAIR PLAN, hereinafter referred to as “LCPIC”, who, on or after August 29, 2005, provided notification of loss resulting from Hurricanes Katrina and/or Rita to LCPIC, and whose loss adjustment was not initiated within thirty (30) days after notification of loss.
Citizens appealed from this judgment, and this Court affirmed the class certification. Oubre v. Louisiana Citizens Fair Plan, 07-66 (La.App. Cir. 5 Cir. 5/29/07), 961 So.2d 504, writ denied, 07-1329 (La.9/28/07), 964 So.2d 363.
After the expiration of the discovery deadline, plaintiffs/class representatives filed a Motion for Partial Summary Judgment, arguing that as a matter of law, Citizens did not initiate loss adjustment until its adjusters contacted the insured to set an appointment to inspect the loss. Citizens opposed this motion, and by judgment rendered on September 18, 2008, the trial court granted partial summary judgment in favor of plaintiffs with | sregard to what constitutes initiating loss adjustment. In this judgment, the trial court determined that “making an appointment to assess the damage to the property or an adjuster inspecting the property without an appointment does satisfy the requirement of La. R.S. 22:658(A)(3).” Both this Court and the Supreme Court declined to exercise supervisory jurisdiction and Citizens’ applications review of this judgment were denied. Oubre v. Louisiana Citizens Fair Plan, 08-1157 (La.App. 5th Cir.l 1/12/08), writ denied, 08-2826 (La.2/6/09).
On October 28, 2008, plaintiffs/class representatives filed a Motion for Summary Judgment for a portion of the class seeking judgment, in favor of 11,020 members of the class, identified as Group I. Plaintiffs prayed for judgment in the amount of $55,100,000, which figure represented penalties in the amount of $5,000 per class member as provided by La. R.S. 22:1220(B). In support of these motions, plaintiffs submitted an affidavit of a claims file supervisor as well as a portable hard drive which contained an Excel spreadsheet listing 11,020 policyholders and the corresponding dates they reported their losses and that an adjuster made an appointment to inspect the property or an actual inspection date.
On December 30, 2008, plaintiffs/class representatives filed a Second Motion for Summary judgment seeking judgment in favor of 7,174 class members, identified as Group II, in the total amount of $35,870,000. In support of this motion, plaintiffs submitted the affidavit of the Information Technology Supervisor and a USB thumb/flash drive containing an Excel worksheet listing the names of 7,174 policy holders and the corresponding dates they reported their losses and that an adjuster made an appointment to inspect the property or an actual inspection date. Also on December 30, |fi2008, plain *496 tiffs/class representatives filed a Third Motion for Summary Judgment seeking judgment in favor of 379 class members, identified as Group III, in the total amount of $1,895,000. In support of this motion, plaintiffs submitted an affidavit of an Information Technology Supervisor as well as a DVD Disc containing an Excel worksheet containing 379 policy holders and the corresponding dates they reported their losses and that an adjuster made an appointment to inspect the property or an actual inspection date.
Also on December 30, 2008, Citizens filed several pleadings seeking summary resolution of plaintiffs’ claims. Citizens filed a Motion for Summary Judgment on the basis that some class members had previously executed a receipt or release discharging Citizens from all claims arising from damage to their property sustained as a result of Hurricanes Katrina and Rita. Citizens also filed a Cross-Motion for Partial Summary Judgment regarding liability under La. R.S. 22:658, arguing that a factual determination is required as to whether the insurer’s actions subject it to penalties. In addition, Citizens filed a Motion for Summary Judgment on the basis that Citizens was not an “insurer” within the meaning of Louisiana law and is therefore not subject to the penalties proscribed by La. R.S. 22:658 and La. R.S. 22:1220. Citizens also filed a Motion for Partial Summary Judgment arguing that the Emergency Orders executed by the State of Louisiana and the advance payments made to class members by Citizens relieved Citizens of liability for penalties in this matter. Plaintiffs/class representatives opposed each of these motions.
Plaintiffs’ motions for summary judgment came for hearing by the trial court on January 30, 2009. The trial court heard argument of counsel [7and allowed both the plaintiffs and defendant to submit post-trial memoranda on the issues presented. By judgment rendered March 20, 2009, the trial court granted the three motions for summary judgment filed by the plaintiffs, except as to those individuals who timely opted out of the class and those individuals who executed release agreements. The trial court also issued written reasons for judgment on this date.
On the same date, the trial court rendered judgment denying the defendant’s motions, finding that Citizens was in fact an insurer within the meaning of Louisiana law and that advance payments made by the insurer did not constitute loss adjustment. The trial court further found that La. R.S. 22:658 does not provide an exception for failure to initiate loss adjustment within thirty days and further determined that the statute does not require a factual determination of the insurer’s conduct before penalties may be imposed against the insurer. The trial court granted defendant’s motion for summary judgment as to those members of the class that executed a release agreement discharging Citizens from further claims.
On March 25, 2009, the plaintiffs/class representatives filed a Motion to Amend Judgment to Include the Required Decre-tal Language, including naming the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered and the relief that is granted or denied. The plaintiffs/class representatives also moved that the judgment be designated as final and immediately appealable in accordance with La. C.C.P. art. 1915(A)(3) and 1915(B).
On March 26, 2009, the trial court rendered an Amended Judgment in favor of class members identified in Groups I, II and III and against defendant, Louisiana Citizens Property Insurance Corporation, in the amount |Rof Ninety-Two Million Eight Hundred Sixty-Five Thousand *497 ($92,865,000) Dollars, subject to credit given to defendant for those individuals who timely opted out of the class or who executed a binding release agreement. The trial court further designated the judgment as final and immediately appealable pursuant to La. C.C.P. art. 1915, having found that there is no just reason for delay. On March 31, 2009, the trial court also rendered amended judgments on each of Citizens’ motions for summary judgment, designating the rulings as final and immediately appealable.
On April 1, 2009, Citizens filed a Motion for New Trial on the basis that the judgment was contrary to law and evidence and that trial court erred in amending the judgment to include the decretal language and also erred in determining that the rulings were final and appealable. Citizens subsequently supplemented this motion to submit that the rendition of a money judgment in the amount of over $92,000,000 violates defendant’s due process rights as provided by the 14th Amendment to the Constitution, that the judgment constitutes a grossly excessive punishment that is irrational and arbitrary, and an unfair deprivation of defendant’s property. Citizens moved for leave to file pleadings alleging the unconstitutionality and to serve these pleadings on the Louisiana Attorney General. By judgment rendered on May 8, 2009, the trial court denied Citizens’ motion for new trial as well as the motion for leave to file supplemental pleadings.
Citizens then moved for and was granted a suspensive appeal of the trial court’s judgment rendered on March 26, 2009 wherein the court granted plaintiffs’ First, Second and Third Motions for Summary Judgment. Citizens also devolutively appealed from the trial court’s denial of the motion for summary judgment with regard to its status as an insurer, the |flmotion regarding the liability imposed pursuant to La. R.S. 22:658 and the motions regarding emergency orders and advance payments as well as the executed releases.[1]
On July 1, 2009, Citizens filed a Peremptory Exception of Res Judicata or alternatively, Petition to Contest Constitutionality of La. R.S. 22:658(A)(3). The trial court did not rule on this pleading at this time. On July 24, 2009, Citizens’ appeal was lodged in this Court. By order of this Court rendered December 1, 2009, this matter was removed from the Court’s docket, and the trial court was ordered to allow defendant to file appropriate pleadings contesting the constitutionality of the state statute and to issue a ruling on these pleadings. On February 17, 2010, the appellate record was supplemented with the transcript of the trial court’s hearing on defendant’s supplemental pleadings as well as with a copy of the trial court’s ruling. The parties then filed supplemental briefs on the issues raised by the supplemental record, and we will now consider the entirety of defendant’s appeal.
Citizens appeals from the judgments of the trial court rendered on March 26, 2009 and March 27, 2009 on the basis of several assignments of error:
1. The trial court erred, as a matter of law and equity, in amending the judgments rendered to be final and appeal-able;
2. The trial court’s award of a penalty/money judgment to plaintiffs, without consideration of the individual facts and/or defendant’s actions, constituted *498 an unconstitutional taking, and a violation of defendant’s due process rights;
3. The trial court erred, as a matter of law, in not applying an arbitrary and capricious standard under 22:658 in its award of summary judgment to plaintiffs;
4. The trial court erred, as a matter of law, in accepting as credible evidence the hearsay documents submitted by plaintiffs | inin support of their motion for summary judgment; and, determining that plaintiffs established a prima facie case based solely upon these hearsay documents;
5. The trial court erred, as a matter of law, in ruling that La Citizens is a statutory insurer who can be exposed to penalties under 22:658;
6. The trial court erred, as a matter of law, in not ruling that the issuance of advance payments by LCPIC constituted initiation of loss adjustment;
7. The trial court erred, as a matter of law, in not considering the Emergency and Public Health Orders issued by the State of Louisiana and the United States when determining applicable deadline under 22:658; and,
8. The trial court erred, as a matter of law, in not recognizing the validity of all properly executed releases.
9. The trial court erred, as a matter of law, in affirming the improper use of class action.

Law and Discussion

We must first consider the threshold issue of whether the partial summary judgments rendered are considered as final and appealable. La. C.C.P. art. 1915 B provides that:
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, recon-ventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
|nIn the present case, the trial judge granted summary judgments against Citizens in favor of the claims of a portion of the members of the class. By amended judgment, the trial court then designated the judgments as final and immediately appealable. Although the court did not dispose of all of the claims of all the parties or the entire class, the partial summary judgments were properly designated as final and are nevertheless considered appealable judgments pursuant to La. C.C.P. art. 1915(B)(1). We have reviewed this designation pursuant to statutory authority and we find that the trial court did not abuse its discretion in determining that the summary judgments constitute final judgments for the purpose of this appeal.
However, defendant has also appealed from the denial of the summary judgments rendered on May 31, 2009. Denial of a motion for summary judgment is an interlocutory judgment that is not appealable. *499 Hood, v. Cotter, 08-215, p. 7 (La.12/2/08), 5 So.3d 819, 823; La. C.C.P. art. 968. We find however that the issues which are properly raised in this appeal as well as the ones raised as a result of the denial of the motion for summary judgment are closely related. We will therefore invoke our discretion to consider these issues under our supervisory jurisdiction. See, Hood v. Cotter, 08-215, p. 7, 5 So.3d at 823-24.
Having found the judgments are properly before this Court on appeal, we must now consider Citizens’ argument that it is not an “insurer” as defined in the applicable statutes and that it therefore cannot be liable for penalties. Citizens also contends it is entitled to statutory immunity. La. R.S. 22:1430, which was renumbered as R.S. 22:2291 effective January 1, 2009, provides in part as follows:
112Therefore, the Louisiana Citizens Property Insurance Corporation, a nonprofit corporation, is hereinafter created, and said corporation shall operate insurance plans which shall function exclusively as residual market mechanisms to provide essential property insurance for residential and commercial property, solely for applicants who are in good faith entitled, but are unable, to procure insurance through the voluntary market.
Citizens argues that unlike a private insurance company, it is a non-profit, tax-exempt state entity created by the Louisiana Legislature as an insurer of last resort. Citizens argues that it is not required to obtain a certificate of its authority from the Commissioner of Insurance pursuant to the provisions of La. R.S. 22:1430.2. Citizens thus argues that because it is not considered to be an “insurer,” La. R.S. 22:658 and R.S. 22:1220 are inapplicable. In support of this argument, Citizens cites Louisiana jurisprudence which provides that self-insurers, such as municipalities, are not insurers for the purposes of La. R.S. 22:1220. See, Rawls v. City of Bastrop, 38,449, p. 7 (La.App. 2 Cir. 05/12/04), 873 So.2d 934, 939.
La. R.S. 22:5, which was renumbered as R.S. 22:46 effective January 1, 2009, defines “insurer” and “insurance” as follows:
Insurer includes every person engaged in the business of making contracts of insurance, other than a fraternal benefit society.
Insurance is a contract whereby one undertakes to indemnify another or pay a specified amount upon determinable contingencies. It shall include any trust, plan or agreement, popularly known as employee benefit trusts, not specifically exempted from state regulation under Public Law 93^406, except collectively bargained union welfare plans, single employer plans or plans of the state or political subdivisions.
| ^Although Citizens is a non-profit, tax-exempt entity, there is no legal support for its argument that it does not qualify as an insurer according to law. Citizens is neither self-insured nor a municipality, and the jurisprudence cited in their brief is therefore inapplicable. Rather, the record in this case indicates that the purpose of creating the subject corporation was to provide property insurance on insurable property, and as such, Citizens is in the business of making insurance contracts.
Further, La. R.S. 22:1430.5, which was renumbered as R.S. 22:2296 effective January 1, 2009, governs immunity from liability and provides:
A. There shall be no liability on the part of and no cause of action of any nature shall arise against the commissioner of insurance, or against the governing board of the Louisiana Citizens *500 Property Insurance Corporation or anyone acting on behalf of the corporation or the plans, or against any servicing carrier or carriers, or against any assessable insurer, or against any participating insurance producer, or against the Department of Insurance or its representatives, for any action taken by them in the performance of their duties or responsibilities under this Chapter.
B. Such immunity from liability does not apply to:
(1) Any of the persons or entities listed in Subsection A hereof for any willful tort or criminal act.
(2) The corporation, or insurance producers placing business with one of the plans, for breach of any contract or agreement pertaining to insurance coverage.
(3) The corporation with respect to issuance or payment of debt.
(4) Any assessable insurer with respect to any action to enforce such insurer’s obligations to the corporation under this Chapter.
A reading of the above-cited statute does not indicate that the Louisiana Citizens Property Insurance Corporation is specifically granted immunity from liability in this case. Further, La. R.S. 22:1430.6, which has 114been renumbered as R.S. 22:2297, specifically provides that the corporation has the power to sue and be sued. In addition, Louisiana courts have consistently found Citizens be an insurer within the dictates of the Louisiana Insurance Code and that there is no wording or statute which specifically exempts it from penalties pursuant to La. R.S. 22:1220. Reed v. Louisiana Citizens Property Ins. Corp., 07-1592, p. 2 (La.App. 4 Cir. 3/5/08), 980 So.2d 754, 756, writs denied, 08-744, 08-748 (La.10/24/08), 25 So.3d 777; Orellana v. Louisiana Citizens Property Ins. Corp., 04-1095, p. 4 (La.App. 4 Cir. 12/5/07), 972 So.2d 1252, 1256, writ denied, 08-41 (La.10/24/08), 25 So.3d 777; Veade v. Louisiana Citizens Property Corp., 08-251, p. 11 (La.App. 4 Cir. 6/4/08), 985 So.2d 1275, 1283. Accordingly, we conclude that Citizens qualifies as an insurer pursuant to state statute and we further hold that Citizens is not entitled to immunity from the imposition of penalties in this case. The trial court did not err in denying Citizens’ motions for summary judgment on these issues.
We therefore turn to the next issue raised by defendant: that the trial court’s award of a penalty/money judgment to plaintiffs, without consideration of the individual facts and/or defendant’s actions, constituted an unconstitutional taking, and a violation of defendant’s due process rights. Citizens has asserted substantive and procedural due process challenges to the constitutionality of La. R.S. 22:658(A)(3) and La. R.S. 22:1220. Defendant contends that insofar as the trial court applied La. R.S. 22:658(A)(3) as a strict liability statute, the application renders the judgments to be an unconstitutional taking in violation of the United States Constitution.
hsCitizens contends that in the present case, there is no interpretation of La. R.S. 22:658(A)(3) which would have allowed the trial court to impose penalties without some consideration of the circumstances that gave rise to the failure upon which the penalty was based. As such, Citizens contends that the trial court’s application of the statute violated defendant’s due process rights. Citizens argues that the trial court’s ruling is inherently arbitrary and unrelated to actual harm sustained as it was based solely on a spread sheet providing an itemization of two dates, the date the claim was made and the date the insurer issued a report.
*501 In Louisiana, it is well-settled that all statutory enactments are presumed constitutional and every presumption of law and fact must be indulged in favor of legality. Moore v. RLCC Technologies, Inc., 95-2621, p. 7 (La.2/28/96), 668 So.2d 1135, 1140. Because a statute is presumed constitutional, the party challenging the constitutionality of the statute bears the burden of proof, and it is a heavy one. To challenge a legislative act as unconstitutional on its face, the challenger must establish that no circumstances exist under which the act would be valid. City of New Orleans v. La. Assessors’ Retirement and Relief Fund, 05-2548, p. 24 (La.10/1/07), 986 So.2d 1, 19. This court reviews judgments declaring a statute unconstitutional de novo. State v. All Property and Cas. Ins. Carriers Authorized and Licensed to do Business in the State, 06-2030, p. 6 (La.8/25/06), 937 So.2d 313, 319.
The claims asserted by plaintiffs/class representatives arise under certain provisions of the Louisiana Insurance Code. The United States Supreme Court has recognized that state regulation of the insurance business has been upheld against a claim that the law violated constitutional due |!,¡process provisions. California State Auto. Ass’n Inter-Ins. Bureau v. Maloney, 341 U.S. 105, 71 S.Ct. 601, 95 L.Ed.2d 788 (1951). Further, by enactment of the Insurance Code, the Louisiana Legislature has evidenced Louisiana’s interest in regulating the insurance industry. According to the clear wording of the statutes, La. R.S. 22:658(A)(3) and La. R.S. 22:1220 are to be read together for a claim of penalties for failure to initiate loss adjustment.
It is a basic rule of statutory interpretation that, if a statute is susceptible of two constructions, one of which will render it constitutional and the other of which will render it unconstitutional, or raise grave and doubtful constitutional questions, the court will adopt the interpretation of the statute which, without doing violence to its language, will maintain its constitutionality. Hondroulis v. Schuhmacher, 553 So.2d 398, 416-417 (La.1988).
As stated by the Louisiana Attorney General in its amicus brief, a reasonable interpretation of these two statutes is one that requires a separate inquiry into the facts surrounding each claim to determine whether any penalty is warranted, and if so, in what amount. As the language of La. R.S 22:1220 referenced in La. R.S. 22:658(A)(3) suggests that the imposition of additional fines is discretionary, a reasonable interpretation of the statutes requires the court to evaluate and analyze individual facts and circumstances of each case to determine whether a fine is warranted, not to exceed $5,000.
Accordingly, where La. R.S. 22:658(A)(3) and La. R.S. 22:1220 are interpreted to require a fact-based judicial determination of the appropriate level of penalty based on the circumstances surrounding each individual claim, no violence is done to the language of the statutes and constitutional 117safeguards are not violated. As this interpretation of the statute is a reasonable one and maintains its constitutionality, we must adopt this interpretation of the statute. Accordingly, Citizens’ failed to meet its heavy burden of proving that there are no circumstances under which these statutes would be valid. We therefore conclude that the trial court did not err in dismissing these constitutional challenges.
We turn next to the merits of the summary judgments rendered in this case. A summary judgment is appropriate when there remains no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. A “genuine issue” is a “triable issue.” More precisely, an issue is genuine if rea *502 sonable persons could disagree. If on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue. In determining whether an issue is “genuine,” courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. Facts are material if they potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, pp. 26-27 (La.7/5/94), 639 So.2d 730, 750-51. (Citations omitted).
Summary judgments are favored in the law and the rules should be liberally applied. Nutt v. City of Gretna, 00-1864 (La.App. 5 Cir. 5/16/01), 788 So.2d 617; Carr v. Wal-Mart Stores, Inc., 00-896 (La.App. 5 Cir. 10/31/00), 772 So.2d 865; writ denied, 00-3247 (La.1/26/01), 782 So.2d 636. The summary judgment procedure shall be construed to accomplish |isthe ends of just, speedy, and inexpensive determination of allowable actions. La. C.C.P. art. 966; Perricone v. East Jefferson General Hosp., 98-343 (La.App. 5 Cir. 10/14/98), 721 So.2d 48. The mover bears the burden of proof. La. C.C.P. article 966(C)(2). If the supporting documents presented by the mover are not sufficient to resolve all material fact issues, summary judgment must be denied. Geo Consultants Intern. v. Professional Roofing and Const., Inc., 95-1016, pp. 3-4 (La.App. 5 Cir. 3/26/96), 672 So.2d 1002, 1005. Once the mover has made a prima facie showing that the motion shall be granted, the burden shifts to the adverse party to present evidence demonstrating that material factual issues remain. Perricone v. East Jefferson General Hosp., supra.
Summary judgments are reviewed on appeal de novo. An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law. Smith v. Our Lady of the Lake Hosp., Inc., supra; Carr v. Wal-Mart Stores, Inc., supra.
The summary judgments rendered in this case were based on the provisions of La.R.S. 22:658(A)(3)[2] which provides:
(3) Except in the case of catastrophic loss, the insurer shall initiate loss adjustment of a property damage claim and of a claim for reasonable medical expenses within fourteen days after notification of loss by the claimant. In the case of catastrophic loss, the insurer shall initiate loss adjustment of a property damage claim within thirty days after notification of loss by the claimant. Failure to comply with the provisions of [ 19this Paragraph shall subject the insurer to the penalties provided in R.S. 22:1220.[3]
*503 La. R.S. 22:658(A)(3) allows for penalties as provided by La. R.S. 22:1220[4] which provides in part as follows:
§ 1220. Good faith duty; claims settlement practices; cause of action; penalties
A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
[[Image here]]
C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater.
Both La. R.S. 22:658 and La. R.S. 22:1220 are penal in nature and must be strictly construed. Reed v. State Farm Mut. Auto. Ins. Co., 03-107, p. 13 (La.10/21/03), 857 So.2d 1012, 1020; Perkins v. Guaranty Nat. Ins. Co., 95-229, p. 9 (La.App. 3 Cir. 11/2/95), 667 So.2d 559, 565, writ denied, 96-759 (La.5/31/96), 673 So.2d 1033. Statutes authorizing the imposition of a penalty are to be strictly construed. Sales 360, L.L.C. v. Louisiana Motor Vehicle Com’n, 07-432, p. 10 (La.App. 5 Cir. 12/11/07), 976 So.2d 188, 193.
In addition, we note that the statutory scheme does not mandate the imposition of a penalty. Rather, subsection La. R.S. 22:1220(C) is discretionary and provides that the claimant “may be awarded penalties .... ” Holt v. Aetna Cas. & Sur. Co., 28,450, p. 19 (La.App. 2 Cir. 9/3/96), 680 So.2d 117, 130, writ denied, 96-2515 (La.12/6/96), 684 So.2d 937 and writ denied, 96-2523 (La.12/6/96), 684 So.2d 938. See also, Sutton v. Oncale, 99-967, p. 10 (La.App. 5 Cir. 3/29/00), 765 So.2d 1072, 1078-79.
Citizens argues on appeal that the trial court erred in imposing liability for penalties by summary judgment without a factual determination of the insurer’s conduct. In response, plaintiffs/class representatives argue that unlike failure to pay cases, there is no requirement of proving that the insurer acted arbitrarily or capriciously in failing to timely initiate loss adjustment. In support of this argument, plaintiffs rely on La. R.S. 22:658(B), which requires a showing of arbitrary and capricious conduct for all sections of La. R.S. 22:658(A), except section (3) relating to initiation of loss adjustment.[5] According *504 ly, unlike situations involving the insurer’s failure to pay, plaintiffs/class representatives contend that the conduct of the insurer is not an issue for trial as to whether the insurer failed to timely initiate loss adjustment. We disagree.
121'While we acknowledge that La. R.S. 22:658(B) omits reference to La. R.S. 22:658(A)(3), we find that this portion of the statute, by its own terms, contains a reference to penalties while the other sections of the statute do not. La. R.S. 22:658(A)(3) specifically states that failure to comply with that paragraph subjects the insurer to penalties provided in La. R.S. 22:1220. La. R.S. 22:1220 is a statute which imposes penalties on an insurer for breach of the good faith duty. Pursuant to La. R.S. 22:1220(A), an insurer has a duty of good faith and fair dealing toward its insured, including the duty to adjust claims fairly and promptly. Willard v. R & B Falcon Drilling USA, Inc., 01-2334, p. 7 (La.App. 1 Cir. 12/20/02), 836 So.2d 424, 429.
La. R.S. 22:1220A also imposes a duty of good faith and fair dealing in performance of the insurance contract. See, La. C.C. art. 1983. Breach of this duty by the insurer renders it liable for any damages, foreseeable or not, that are a direct consequence of its failure to perform. La. C.C. art. 1997; La. R.S. 22:1220A. Williams v. Louisiana Indem. Co., 26,887, p. 3 (La.App. 2 Cir. 6/21/95), 658 So.2d 739, 742. The burden is on the insured to prove arbitrariness, capriciousness, or lack of probable cause. Talton v. USAA Cas. Ins. Co., 06-1513, p. 16 (La.App. 4 Cir. 3/19/08), 981 So.2d 696, 708, writ denied, 08-837 (La.6/6/08), 983 So.2d 923.
When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the Legislature. La. C.C. art. 9. The words of a law must be given their generally prevailing meaning. La. C.C. art. 11. The word “shall” in its usual signification for purposes of statutory construction denotes a mandatory duty. Ray v. South Cent. Bell Tel. Co., 315 So.2d 759 (La.1975); Jurisich v. Jenkins, 99-76, p. 6 (La.10/19/99), 749 So.2d 597, 600.[6]
In addition to the above judicial principles which are guides to determine the intent of the Legislature, the Legislature has enacted rules for the construction of statutes in the provisions of the revised statutes. In the interpretation of statutes, the word ‘may’ means ‘permissive.’ La. R.S. 1:3, La. C.C.P. art. 5053. The word denotes discretion, in this instance, on the part of the trier of facts, that is, the court. In re State in Interest of Elliott, 206 So.2d 802, 805 (La.App. 2 Cir.1968)
*505 A reasonable interpretation of these two statutes indicates that in order to subject an insurer to penalties for failing to initiate loss adjustment in a timely manner, the insurer must be found to have breached the duty of good faith. La. R.S. 22:658(A)(3) allows the imposition of penalties as set forth in La. R.S. 22:1220, which clearly imposes a good faith duty on the insurer in its dealings with the insured. As stated in La. R.S. 22:1220A, an insurer owes his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly. A reading of these two statutes together indicates that an assessment of whether the insured breached its duty of good faith is required prior to an assessment of penalties. Further, Louisiana law does not specifically distinguish between the terms “arbitrary and capricious” and “bad faith.” [7]
| ^Moreover, Louisiana jurisprudence supports a conclusion that the conduct of the insurer in initiating loss adjustment is a material fact in determining whether penalties should be imposed. In Orellana v. Louisiana Citizens Property Ins. Corp., 07-1095, p. 5 (La.App. 4 Cir. 12/5/07), 972 So.2d 1252, 1256, writ denied, 08—41 (La.10/24/08), 25 So.3d 777, the court found no error in the trial court’s finding that Louisiana Citizens acted in bad faith for its failure to properly and timely adjust plaintiffs claim.
Further, although plaintiffs/class representatives argue that there are no exceptions to the impositions of penalties authorized by La. R.S. 22:658(A)(3), we find at least one instance where the court’s factual determination that penalties were not warranted was upheld by an appellate court. In a case involving a claim for failing to timely initiate loss adjustment, the facts indicate that plaintiff sent his initial report to the wrong person, and the insurance claim adjuster made repeated attempts by telephone to contact the insured once the report was received, but failed to connect within the time period proscribed by La. R.S. 22:658. The trial court found that although the insurer took steps to ascertain the claim in a timely manner, due to a series of circumstances, the insurer was unable to conduct an inspection until several months after the report was first received. After reviewing the meaning of arbitrary and capricious and without probable cause as contemplated by La. R.S. 22:658, the appellate court upheld the trial court’s refusal to award penalties based on its factual findings that the insurer did not act in an arbitrary and capricious manner.
Block v. St. Paul Fire & Marine Co., 32,306 (La.App. 2 Cir. 9/22/99), 742 So.2d 746.
The court further stated:
If R.S. 22:658 prescribed strict liability, and were to be mechanically applied, this assignment of error [that the insur *506 er failed to comply with the statutory time limit for initiating a claim investigation] might have some substance. The plain language of the statute, however, requires a determination whether the insurer acted arbitrarily, capriciously, and without probable cause. It is equally clear that this determination is one of fact based on the unique circumstances of each case.
In the present case, we find no manifest error in the district court’s finding that St. Paul did not act arbitrarily, capriciously, or without probable cause in either investigating or paying the plumbing claim.
Block v. St. Paul Fire & Marine Co., 32,306, pp. 9-10, 742 So.2d at 753. [Citations omitted.]
Further, Louisiana jurisprudence has generally held that the determination of whether penalties are imposed is a factual determination subject to the manifest-error standard of review. In McClendon v. Economy Fire & Cas. Ins. Co., 98-1537 (La.App. 3 Cir. 4/7/99), 732 So.2d 727, the court found that the trial court, following a trial on the merits, erred in refusing to award penalties where there was no evidence that the insurer took any substantive action within fourteen days after notification of the loss.
In Louisiana Bag Co., Inc. v. Audubon Indem. Co., 08-453, pp. 14-15 (La.12/2/08), 999 So.2d 1104, 1114 a failure to pay case, the Louisiana Supreme Court emphasized the necessity for a factual determination for liability for penalties. The Court stated:
This court has also stated that penalties should be imposed only when the facts “negate probable cause for nonpayment.” Guillory v. Travelers Ins. Co., 294 So.2d 215, 217 (La.1974). See also Crawford v. Al Smith P. & H. Serv., Inc., 352 So.2d 669, 673 (La.1977); McDill v. Utica Mut. Ins. Co., 475 So.2d 1085, 1092 (La.1985). An insurer’s conduct depends on the facts known to the insurer at the time of its action, and this court has declined to assess penalties “when the insurer has a reasonable basis to defend the claim and acts in good-faith reliance on that defense.” Reed, 857 So.2d at 1021 (citing Block v. St. Paul Fire & Marine Ins. Co., 32,306 (La.App. 2 Cir. 9/22/99), 742 So.2d 746, 752, 754). Specifically, when there is a “reasonable and legitimate question as to the extent and causation of a claim, bad faith should not be inferred from an insurer’s failure to pay within the statutory time limits when such reasonable doubts exist.” Id. (citing Block, 742 So.2d at 752). In these instances, when there are substantial, reasonable and legitimate questions as to the extent of an insurer’s liability or an insured’s loss, failure to pay within the statutory time period is not arbitrary, capricious or without probable cause.
Although the cited case does not involve a claim for failure to initiate loss adjustment, we find that the court’s reasoning with regard to the necessity of making a factual determination of the insurer’s conduct is applicable in the present case. Bad faith should not be inferred from an insurer’s failure to pay within the statutory time limits when reasonable doubt exists for such failure. Thus, in the present case, we find that the determination of whether an insurer has breached its duty of good faith and is liable for penalties necessarily requires a factual determination by the trial court.
We also find no support for plaintiffs’ argument that the $5,000 penalty imposed by the trial court for each claim was a mandatory minimum. In Adams v. Stratton, 02-224, pp. 4-5 (La.App. 5 Cir. 10/16/02), 831 So.2d 290, 292, writ denied, *507 02-2792 (La.2/7/03), 836 So.2d 101, this Court stated as follows:
IpfiLa. R.S. 22:1220(C), as written is clear and unambiguous. There is no mandatory minimum language in the penalty provision. Thus, keeping in mind the strict construction requirement, we find no mandate for a minimum penalty amount. To the contrary, as noted in Harrington, [Harrington v. Cato Corporation, 32-055 (La.App. 2nd Cir.6/16/99), 740 So.2d 732] the language in the statute is all permissive. The statute provides that the claimant “may be awarded penalties.” It also provides that the amount of the penalties, if awarded, are “not to exceed two times the damages sustained or five thousand dollars, whichever is greater.” The statute clearly provides a mandatory maximum, limiting an award to an amount of twice the damages or $5000, whichever is greater. However, we find no mandatory minimum penalty amount in the statute. The amount of the penalty, provided it is not over the statutory maximum, is a matter of the trial court’s discretion based on the facts of the case.
Because of the posture of the case on summary judgment, the documentation submitted to the trial court in the exhibits submitted by the movers contain information regarding the date of the claim and the date the insurer issued its report, but many of the documents fail to indicate whether other steps were attempted by the insurer prior to issuance of the report. Nevertheless, the record contains substantial evidence with regard to the unusual circumstances following Hurricanes Katrina and Rita which may have rendered the insurer unable to timely adjust the insurance claims. We find that the documentation submitted by the movers fails to address a material fact at issue as to the insurer’s conduct in adjusting the asserted claims. While plaintiffs argue that Citizens failed to meet its burden on summary judgment, our de novo review of the record, including a review of the supporting documentation submitted at trial, convinces us that plaintiffs failed to present a prima facie case sufficient to support judgment as a matter of law as to their entitlement to statutory penalties.
^Although the trial court concluded that the advance payments made by Citizens after these catastrophes and the Executive Orders entered by the Governor of Louisiana are not relevant to a determination of Citizens’ liability for penalties, we hold that these findings were an important factual consideration with regard to the insurer’s liability for penalties. Among the other factual considerations set forth herein, these are factual determinations which are within the province of the trier of fact, and as such, they are inappropriate for resolution by summary judgment.
In sum, we conclude that any assessment of penalties authorized by statute necessarily requires a factual assessment by the trial court of the particular facts of the particular case. Although the award of general or special damages, if requested, is mandatory, the trial court’s grant of penalties under La. R.S. 22:1220(0 is discretionary. The insured does not need to prove actual damages as a prerequisite for the discretionary award of penalties. Sultana Corp. v. Jewelers Mut. Ins. Co., 03-360, p. 8 (La.12/3/03), 860 So.2d 1112, 1118-1119. However, the discretionary nature of the assessment of penalties required a factual determination by the trial court, one which was absent on the motions for summary judgment.
In this case, we conclude that the trial court erred in determining that the conduct of the insurer was not a material fact at issue here and further in finding that $5,000 represented the minimum penalty *508 pursuant to the statutory provisions. The blanket assessment of $5,000 to each claimant without regard to the circumstances of the case and without a factual determination of whether penalties were warranted is manifestly erroneous and must be reversed. In light of this conclusion, we will not reach defendant’s argument that the documents submitted by plaintiffs in support l^of the motions for summary judgment were evidentiarily insufficient as this matter must be remanded for further proceedings.
The definition of the class in this case includes insureds of Citizens who provided notification of loss but did not receive adjustment of the claims within 30 days. By rendering the summary judgments in this matter, the trial court imposed an across-the-board penalty in the amount of $5,000 for each claimant without making required factual determinations, including the conduct of the insurer and the amount of penalty owed in each case. Although this court previously affirmed the designation of the definition of the class, we noted in our opinion that the certification may be adjusted at anytime if it became necessary. Oubre v. Louisiana Citizens Fair Plan, supra, 07-66, p. 14, 961 So.2d at 513. To the extent that the current class certification prevents the trial court from making the necessary factual determinations regarding the assessment of penalties against the insurer, we suggest that the class definition be revised to accomplish this requirement.
For the reasons assigned herein, we conclude that the assessment of penalties against the insured in this case required factual determinations which were not appropriate for resolution by summary judgment. We therefore reverse the three summary judgments rendered in favor of plaintiffs/class representatives and against Louisiana Citizens Property Insurance Corporation and remand this matter to the trial court for further proceedings. Each party shall bear its own costs of this appeal.

REVERSED AND REMANDED.

. The denial of a summary judgment is an interlocutory judgment which is not appeal-able.

. Acts 2008, No. 415, Sec. 1, effective January 1, 2009, renumbered the entire insurance code without making substantive changes. La. R.S. 22:658 was renumbered as La. R.S. 22:1892.

. Acts 2009, No. 448 amended this section to provide a mechanism to extend the time to respond to claims during an emergency or disaster. La. R.S. 22:1892 A(3) now provides:
(3) Except in the case of catastrophic loss, the insurer shall initiate loss adjustment of a property damage claim for reasonable medical expenses within fourteen days after notification of loss by the claimant. In the case of catastrophic loss, the insurer shall initiate loss adjustment of a property damage claim within thirty days after notification of loss by the claimant except that the commissioner may promulgate a rule for extending the time peri *503 od for initiating a loss adjustment for damages arising from a presidentially declared emergency or disaster or a gubernatorially declared emergency or disaster up to an additional thirty days. Thereafter, only one additional extension of the period of time for initiating a loss adjustment may be allowed and must be approved by the Senate Committee on Insurance and the House Committee on Insurance, voting separately. Failure to comply with the provisions of this Paragraph shall subject the insurer to the penalties provided in R.S. 22:1973.

. This statute has been renumbered as La. R.S. 22:1973.

. La. R.S. 22:658 B. (1) Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim, as provided in Paragraphs (A)(1) and (4), respectively, or failure to make such payment within thirty days after written agreement or settlement as provided in Para *504 graph (A)(2), when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.

. Compare, La. R.S. 23:1201(G) which clearly states that if a final judgment is not paid within 30 days after it comes due, penalties and attorney's fees shall be added. This language is mandatory and does not allow for the court's discretion in determining whether it is due. Funderburk v. Nabors Drilling USA, 07-1408 (La.App. 3 Cir. 4/2/08), 979 So.2d 1293, 1294, writ denied, 06-1252 (La.9/15/06), 936 So.2d 1275.

. The phrase "arbitrary, capricious, or without probable cause” is synonymous with "vexatious.” Both describe an insurer whose willful refusal of a claim is not based on a good faith defense. Louisiana Maintenance Services, Inc. v. Certain Underwriters at Lloyd’s of London, 616 So.2d 1250, 1253 (La.1993). Bad faith has been described to mean more than mere bad judgment or negligence; it implies a dishonest purpose or evil intent. Vaughn v. Franklin, 00-0291, p. 8 (La.App. 1 Cir. 3/28/01), 785 So.2d 79, 86, writ denied, 01-1551 (La. 10/5/01), 798 So.2d 969. Arbitrary action is a willful and unreasoning action, without consideration for the facts and circumstances presented, or acting with unfounded motivation. Vaughn, 00-0291 at p. 8, 785 So.2d at 86. An insurer’s action in handling a claim is arbitrary and capricious when its willful refusal of a claim is not based on a good faith defense or is unreasonable or without probable cause. Calogero v. Safeway Ins. Co. of Louisiana, 99-1625, p. 5 (La. 1/19/00), 753 So.2d 170, 173.