Dear Judge Sens:
In Augustus, et al. v. Roemer, et al.,771 F.Supp. 1458 (E.D.La. 1991), a federal district court judge struck down as unconstitutional La.R.S. 13:1384 which had provided for the assessment of a fee on all bail bonds posted in criminal proceedings. This statute only concerned such fees imposed in certain district courts and did not apply to municipal courts. There is, however, a similar bail bond fee assessed for criminal proceedings in municipal courts under a different statutory provision — La.R.S. 13:2500.3. You ask this office for its opinion on the issue of whether the Augustus v. Roemer decision concerning the bail bond fee that had been assessed in the state district courts would be considered binding as also striking down the statute assessing a similar bail bond fee collectible in municipal courts.
As an initial matter, we observe that statutes are presumptively considered to be constitutional. "In Louisiana, it is well-settled that all statutory enactments are presumed constitutional and every presumption of law and fact must be indulged in favor of legality. . . . Because a statute is presumed constitutional, the party challenging the constitutionality of the statute bears the burden of proof, and it is a heavy one. To challenge a legislative act as unconstitutional on its face, the challenger must establish that no circumstances exist under which the act would be valid."Oubre v. Louisiana Citizens Fair Plan, 09-620, p. 15 (La.App. 5 Cir. 11/9/10); 53 So.3d 492, 501 (citingCity of New Orleans v. La. Assessors' Retirement and ReliefFund, 05-2548, p. 24 (La. 10/1/07), 986 So.2d 1, 19; other citations omitted); see also State v.Whitmore, 46,120, p. 11 (La.App. 2 Cir. 3/2/11); 58 So.3d 583, 591. *Page 2 
Additionally, while decisions of the Louisiana Supreme Court or the U.S. Supreme Court striking down state statutes as unconstitutional may have binding effects on lower state courts, [1] decisions of lower federal courts are considered to be only non-binding persuasive authority on state district courts.
We further note that the decision in Augustus v. Roemer
concerned a different (albeit similar) statutory provision from the one about which you inquired. Therefore, this federal district court decision cannot extend beyond its four corners to bind a Louisiana court that may be called upon to address the constitutionality of the referenced statutory provision, which was not at issue in theAugustus v. Roemer case.
As a result, it is the opinion of this office that R.S. 13:2500.3 remains in effect unless and until it is challenged and declared unconstitutional on its own merits by an appropriate court. The Augustus v. Roemer decision may have some bearing on that ultimate judicial determination, but it would not necessarily bind any Louisiana court to declare R.S. 13:2500.3 unconstitutional or to sua sponte
decline to enforce the statute.
It is hoped this opinion answers you questions fully. If this office can be of any other assistance, please do not hesitate to call.
 Sincerely,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:__________________________ ROBERT ABENDROTH ASSISTANT ATTORNEY GENERAL
 RA/ra
[1] See, e.g., State v. Penns, 99-2916 (La. 12/20/99); 758 So.2d 776,777; State v. Sanders, 93-0001, p. 7 (La. 11/30/94); 648 So.2d 1272, 1279 ("lower federal court decisions do not bind this court's interpretations of federal constitutional law.")