WEIMER, J.,
dissenting.
LI very respectfully dissent. As the majority opinion correctly notes, statutes sub *1007 jecting insurers to penalties are considered penal in nature and should be strictly construed. See Hart v. Allstate Ins. Co., 437 So.2d 823, 827 (La.1983); see also Louisiana Bag Co., Inc. v. Audubon Indem. Co., 08-0453, p. 25 (La.12/2/08), 999 So.2d 1104, 1120.
In the case of catastrophic loss, former La. R.S. 22:658(A)(3) clearly obligated an insurance company to “initiate loss adjustment of a property damage claim within thirty days after notification of loss by the claimant.” In addressing an insurer’s failure to fulfill this obligation, La. R.S. 22:658(A)(3) referred to the entirety of former La. R.S. 22:1220, which required the claimant to show that an insurer breached its duty of good faith and fair dealing to prove entitlement to any damages sustained as a result of the breach and to prove entitlement to penalties. See La. R.S. 22:1220(A) and (C).
Furthermore, La. R.S. 22:1220(C) stated that the court “may” award penalties and also spoke of penalties in terms of “if awarded,” indicating that the award of penalties pursuant to La. R.S. 22:1220(C) was discretionary.
12Constrained by the principle that penal statutes are to be strictly construed and by the language of former La. R.S. 22:658(A)(3) and La. R.S. 22:1220, I would affirm the decision of the court of appeal. Notably, in addressing the insurer’s liability under La. R.S. 22:658(A)(3) and 22:1220 for failure to timely initiate loss adjustment, the court in French v. Allstate Indemnity Co., 637 F.3d 571, 591 (5th Cir. 2011), cert. denied, — U.S. -, 132 S.Ct. 420, 181 L.Edüd 260, 2011 WL 3608759 (2011), quoting Oubre v. La. Citizens Fair Plan, 09-0620, p. 22 (La.App. 5 Cir. 11/9/10), 53 So.3d 492, 505, stated that “[a] reasonable interpretation of these two statutes [La. § R.S. 22:658(A)(3) and § 22:1220] indicates that in order to subject an insurer to penalties for failing to initiate loss adjustment in a timely manner, the insurer must be found to have breached the duty of good faith.” Finding that the insurer in French had not acted in bad faith in its initiation of the loss adjustment, the court declined to impose liability for any penalties on the claim for breach of the duty to initiate loss adjustment. French, 637 F.3d at 591. Requiring a finding of bad faith in the loss adjustment process is bolstered by the fact that a showing of bad faith — that the insurer was arbitrary, capricious, or without probable cause — is required to recover penalties where an insurer has failed to pay a settlement within 30 days after an agreement is reduced to writing. See La. R.S. 22:1220(B)(2); see also La. R.S. 22:658(A)(2) and (B)(1).